**Truman P. KIRK, Relator,**

v.

**Tom GORDON et al., Respondents.**

No. A–10008.

Supreme Court of Texas.

March 4, 1964.

Truman P. Kirk, Harris Toler, Abilene, for relator.

Tom Gordon, Tom Todd, James E. Robinson, Abilene, for respondents.

Lavern Harris, Kerrville, amicus curiae.

HAMILTON, Justice.

This is an original petition for writ of mandamus brought by relator Truman P. Kirk seeking to compel Tom Gordon as Chairman of the Taylor County Democratic Executive Committee and the Taylor County Democratic Executive Committee to omit the name of respondent Tom Todd from the official ballot as a candidate for the Democratic nomination for State Representative for the 84th District, Place No. 1.

Relator is a duly qualified Democratic candidate for said office. Respondent Tom Todd is presently District Attorney of the 104th Judicial District, whose present term expires on December 31, 1964.

Relator maintains that Todd is ineligible to be elected to the Legislature at the November general election because he is now, as District Attorney, holding a lucrative office under this state to which he was elected for a term which does not expire until December 31, 1964. Otherwise it is admitted that respondent is eligible. Relator says that Todd is ineligible because the

term of the office as a member of the House of Representatives to which he seeks to be elected shall be two years from the date of election, which necessarily will be before his present term of office as District Attorney expires on December 31, 1964. Relator further says that respondent, being ineligible to hold the office of State Representative, should not have his name placed upon the primary ballot.

We hold that the relator is correct in his contention and that the respondent Tom Todd is not eligible to be elected to the House of Representatives at the next general election in November, and for that reason should not have his name placed upon the Democratic primary ballot as a candidate for State Representative, and the mandamus requested will issue.

We have been compelled to reach this conclusion by the plain and unambiguous applicable provisions of the Constitution and the Texas Election Code. We quote the applicable provisions below:

Article III, Section 19, Constitution of Texas, Vernon's Ann.St.:

"No judge of any court, Secretary of State, Attorney General, clerk of any court of record, or any person holding a lucrative office under the United States, or this State, or any foreign government shall during the term for which he is elected or appointed, be eligible to the Legislature."

Article III, Section 4, Constitution of Texas:

"The members of the House of Representatives shall be chosen by the qualified electors, and their term of office shall be two years from the day of their election."

Article 1.05, Texas Election Code, V.A. T.S.:

"No person shall be eligible to be a candidate for, or to be elected or appointed to, any public office in this state unless he shall be eligible to hold · such office under the Constitution and laws of this state * * *. No ineligible candidate shall ever have his name placed upon the ballot at any primary, general or special election; and no ineligible candidate shall ever be voted upon nor have votes counted for him at any such primary, general or special election. * * *"

Article 1.06, Texas Election Code:

"* * * and the name of no ineligible person, under the Constitution and laws of this State shall be certified by any party, committee, or any authority authorized to have the names of candidates placed upon the primary ballots at any primary election in this State; * * *."

We reject respondent's contention that this court does not have jurisdiction of this matter because of Article III, Section 8 of the Constitution, which provides as follows:

"Each House shall be the judge of the qualifications and election of its own members; but contested elections shall be determined in such manner as shall be provided by law."

We think this question was foreclosed by this court's opinion in the case of Burroughs v. Lyles, 142 Tex. 704, 181 S.W.2d 570, at page 575. We quote:

"It is true that Article III, Section 8, of the Constitution provides that each house of the Legislature shall be the judge of the qualifications and election of its own members, but this does not prohibit the Legislature from enacting reasonable regulations to prevent those disqualified by law from placing their names on the ballot. The Legislature has the right to adopt all regulations reasonably necessary to avoid the futility of electing one who is not eligible to hold the office."

The regulations to which the court referred are substantially the same as are now

contained in Articles 1.05 and 1.06 of the Texas Election Code. It is elementary that if these mandatory regulations are valid, as this court has so held, the courts have jurisdiction to enforce them.

We also reject respondent's contention that said articles of the Election Code are not applicable to him because Article III, Sections 19 and 4 of the Constitution of Texas do not make him ineligible to be elected to the Legislature next November. His argument is that the term of the office to which he seeks election does not overlap with his term of office as district attorney because the term of office for representative does not begin until the Legislature convenes in January of 1965. He says that, because Article III, Section 8 provides that the House of Representatives shall be the judge of the qualifications and election of its own members, a member is not elected to the House of Representatives until he has qualified and been seated. While Section 8 of Article III of the Constitution provides that the House of Representatives is the judge of the qualifications and election of its members, it does not provide that the House elects its membership. That prerogative is given exclusively to the qualified electors by Section 4 of Article III of the Constitution. When the qualified electors have cast their ballots and their votes have been canvassed, the election process is at an end and the term of office for the one receiving the highest number of votes begins, regardless of when he qualifies or whether he ever qualifies. The Constitution plainly says that the term of office of members of the House of Representatives shall be two years from the date of their election. We are not at liberty to say that that means two years from the date the Legislature, to which the member is elected, convenes.

 The fact that the district attorney has filed with us a copy of his resignation to become effective next November 1, which is before the general election, does not alter the situation. It is the fact that the term of office of district attorney to which he

was elected conflicts with the term of office of members of the House of Representatives which controls.

Writ of mandamus will issue to Tom Gordon as County Chairman of the Taylor County Democratic Executive Committee and the Taylor County Democratic Executive Committee directing each of them to omit the name of Tom Todd from the primary ballot as a candidate for State Representative, 84th District, Place No. 1.

On account of the emergency, due to the near approach of the time for printing the ballots for the May primary, the parties hereto will be denied the right to file a motion for rehearing.