Thomas J. LEE, Relator,

v.

John A. DANIELS et al., Respondents.

No. A–10045.

Supreme Court of Texas.

April 8, 1964.

Thomas J. Lee, John M. Gilliland, San Antonio, for relator.

Sawtelle, Hardy, Davis & Goode, James L. M. Miller, San Antonio, for respondents.

HAMILTON, Justice.

This is an original petition for writ of mandamus by relator Thomas J. Lee to compel John A. Daniels as Chairman of the Bexar County Executive Committee and the Bexar County Executive Committee to omit the name of respondent Sam Jorrie from the official ballot as a candidate for the Democratic nomination for State Representative for the 68th District, Place 3.

Relator is a duly qualified candidate for said office. Respondent Sam Jorrie was duly elected to the office of County Commissioner, Precinct 3, of Bexar County, Texas, for a term which does not expire

until December 31, 1964. However, Sam Jorrie resigned from such position, effective February 1, 1964, and said resignation was accepted by the Commissioners Court and the County Judge appointed his successor on said date of February 1, 1964, which successor immediately qualified and entered into the duties of County Commissioner.

Article III, Section 19, Constitution of Texas, Vernon's Ann.St., provides:

"No judge of any court, Secretary of State, Attorney General, clerk of any court of record, or any person holding a lucrative office under the United States, or this State, or any foreign government shall during the term for which he is elected or appointed, be eligible to the Legislature."

Article III, Section 4, Constitution of Texas, provides:

"The members of the House of Representatives shall be chosen by the qualified electors, and their term of office shall be two years from the day of their election."

Articles 1.05 and 1.06 of the Texas Election Code, V.A.T.S. provide, in effect, that no ineligible person shall have his name placed on the ballot at any primary, general or special election.

■ This case is very similar to the case of Kirk v. Gordon, Tex., 376 S.W.2d 560 (1964), recently decided by this court. In that case, as here, the term of the prior office did not expire until December 31, 1964, whereas the term of State Representative begins on the day of election in November. In that case, the office seeker made a resignation effective on November 1, 1964. However, this court held that because the term of District Attorney expired after the beginning of the term of State Representative, the District Attorney was not eligible and could not have his name placed on the primary ballot. We hold that Kirk v. Gordon controls the instant case and that

respondent Jorrie is ineligible to the Legislature and should not have his name placed on the primary ballot.

Respondent Jorrie argues that this case is not controlled by Kirk v. Gordon by making the distinction that he, Jorrie, is not presently holding a lucrative office under this State, having resigned effective February 1, 1964. Respondent's argument is that emphasis should be placed on the fact of tenure of office, or the actual holding of the office under the State; that once the holder of an office resigns from said office, he no longer is "holding a lucrative office under * * * this State" within the prohibition of Article III, Section 19, Constitution of Texas. To be ineligible, one must be (a) holding a lucrative office, (b) during his elective or appointive term, (c) the duration of which overlaps the term of a legislative office to which he aspires, it is argued.

■ We reject the above argument of respondent Jorrie and hold that resignation at whatever time will not suffice to make eligible to the Legislature any person who has qualified for an elective or appointive term to a lucrative office under the State, the term of which does not expire until after the term of the legislator begins. As we said in Kirk v. Gordon:

"* * * It is the fact that the term of office of district attorney to which he was elected conflicts with the term of office of members of the House of Representatives which controls." Tex., 376 S.W.2d 562.

Since it is the term which controls, it makes no material difference whether the holder of the office resigns the day after he actually begins holding that office, the day of filing for the office of legislator, or the day before the election at which time the term of office of members of the Legislature begins.

■ When any person first qualifies for and begins holding a lucrative office under this State, the provision of the Constitution

in question applies and that person is made ineligible to the Legislature during the entire term of the office he then holds. When Jorrie was elected County Commissioner of Bexar County and qualified to and began holding such office, Article III, Section 19, Constitution of Texas, became applicable to him and said to him, "you are not eligible to the Legislature during the term of office of County Commissioner to which you have been elected." Nothing Jorrie did after that time can affect his eligibility. He was already ineligible to the Legislature and the subsequent act of resignation at any point of time cannot thereby make him eligible once more. We construe the constitutional provision as allowing no exceptions as to ineligibility once it has been established.

If the construction sought by respondents were adopted by this court, the language "during the term for which he is elected or appointed" would add nothing to the provision and would be mere surplusage. Without that language, respondents' contentions would be correct. As a matter of fact, the provision dealing with eligibility to the Legislature in every Constitution from the Republic of Texas to the Constitution of 1869 did not contain the above language. Article III, Section 30, of the Constitution of 1869 read as follows:

"No judge of any court of law or equity, Secretary of State, Attorney General, clerk of any court of record, sheriff or collector, or any person holding a lucrative office under the United States, or this State, or any foreign government, shall be eligible to the Legislature; * * *."

We cannot say that the framers of the 1876 Constitution of Texas did not intend the language "during the term for which he is elected or appointed" to add anything to what was otherwise clearly provided in the Constitution of 1869 and prior constitutions.

We find the general rule in other jurisdictions to be that under provisions similar to the above quoted provision from the 1869 Constitution that an officer may resign prior to his election or appointment to another office and be eligible. However, in those jurisdictions having statutes or constitutional provisions similar to the provision now contained in our Constitution the courts invariably hold that the ineligibility created by such provisions exists during the entire period for which the person is elected or appointed, and is not affected by resignation from the first office. Rowe v. Tuck, 149 Ga. 88, 99 S.E. 303, 5 A.L.R. 113. See also State ex rel. Childs v. Sutton, 63 Minn. 147, 65 N.W. 262, 30 L.R.A. 630, and Baskin v. State of Oklahoma, 107 Okl. 272, 232 P. 388, 40 A.L.R. 941.

Writ of mandamus will issue to John A. Daniels as County Chairman of the Bexar County Democratic Executive Committee and the Bexar County Democratic Executive Committee directing each of them to omit the name of Sam Jorrie from the primary ballot as a candidate for State Representative, 68th District, Place 3.

No motion for rehearing will be entertained.

CULVER and STEAKLEY, JJ., dissenting.

NORVELL, J., not sitting.

STEAKLEY, Justice (dissenting).

Section 19 of Article III and Section 12 of Article XVI of the Constitution of Texas read, respectively, as follows:

"Sec. 19. No judge of any court, Secretary of State, Attorney General, clerk of any court of record, or any person holding a lucrative office under the United States, or this State, or any foreign government shall during the term for which he is elected or appointed, be eligible to the Legislature."

"Sec. 12. No member of Congress, nor person holding or exercising any

office of profit or trust, under the United States, or either of them, or under any foreign power, shall be eligible as a member of the Legislature, or hold or exercise any office of profit or trust under this State."

The question in the case is whether a presently effective and accomplished resignation from a disqualifying office will remove ineligibility to the Legislature which would otherwise exist under the above provisions. It quite clearly does so under Section 12 of Article XVI. I would resolve the question under Section 19 of Article III in favor of eligibility and in a manner which would harmonize the two sections. The provisions of Section 12 of Article XVI would thus not be rendered inoperative in part and we would not be attributing to the framers of the Constitution an intent to propose contemporaneous irreconcilable provisions.

Both sections contain provisions pertaining to eligibility to the Legislature. Section 19 limits its declaration of ineligibility to the term for which a person is elected or appointed and does not literally apply, for example, to one holding over beyond his term. Section 12 is broader and pronounces an office holder ineligible to the Legislature at all time he is holding a disqualifying office. The respondent Jorrie is clearly eligible to the Legislature under Section 12 since he is not holding a disqualifying office; the majority opinion, however, holds him ineligible under Section 19 on the proposition that the ineligibility declared by this section exists for the whole time of a term, notwithstanding a complete vacation and nonholding of the disqualifying office.

The literalness of interpretation given the phrase "during the term for which he is elected or appointed" in Section 19, as the mainstay of the primary holding of the majority opinion, renders doubtful the corollary holding that the provisions of Section 19 apply only if and after a person qualifies for an office to which he is elected or appointed. If the section is read literally, ineligibility rests on the fact alone of election or appointment to a disqualifying office and for the time of the term. Nevertheless, recognition of the concept and necessity of "holding" an office is implicit in the majority view that the provisions of Section 19 apply only after qualification for—and hence the holding of—the disqualifying office and not merely, as Section 19 says, "during the term" of election or appointment.

It is my view that Section 19 merely carries the presupposition that a person will assume and occupy an office for the term to which he has been elected or appointed, and that the phrase "during the term for which he is elected or appointed" negates any basis for the contention that a person once a judge, or a Secretary of State, or an Attorney General, or a clerk of any court of record, or the holder of a lucrative office under the United States, or this State, or any foreign government, remains ineligible to the Legislature after the completion of the term for which he is elected or appointed.

Moreover, I am unable to see how ineligibility pertaining to offices in the general class to which Section 19 applies, i. e., holders of lucrative offices, can exist in the absence of an actual holding of the office. The *sine qua non* of ineligibility pertaining to this class is the holding of the office. If a person is not holding a lucrative office at the time in question, how can Section 19 apply? This is quite apart from the question of whether this is also true of the offices specifically named in Section 19, i. e., judge of any court, Secretary of State, Attorney General, and clerk of any court of record. The majority opinion necessarily equates the offices specifically named and those in the general class, and by so doing regards the phrase "holding a lucrative office" as merely descriptive of the general class. But I am unable to see how the general class can exist at all except and unless there is a holding of a lucrative office.

I must also note that the annotations and decisions of courts from outside our State cited in the majority opinion do not involve state constitutions containing related provisions comparable to Section 19 of Article III and Section 12 of Article XVI of our Constitution.

Eligibility to hold an office which a person seeks by election should be, and is, a prerequisite to the right of a person to have his name placed upon the ballot at any election. Article 1.05, Vernon's Annotated Texas Election Code; Purcell v. Lindsey, 158 Tex. 541, 314 S.W.2d 283. It is in the public interest that there be no doubt at the time of an election that a candidate on the ballot will be eligible to assume the office. The voting public should know that he will be so if he is their choice at the polls and the other candidates for the same office are entitled to protection against votes being drawn from them by a candidate who could be ineligible to assume the office. Prospective resignations, therefore should not suffice to remove the ineligibility declared by the constitutional provisions under review. A candidate tendering a future resignation can change his mind and withdraw the resignation if it has not been irrevocably accepted; the body to whom a resignation is submitted may change its mind about accepting it. Accordingly, I do not believe that the future resignation considered in the recent case of Kirk v. Gordon, Texas Supreme Court Journal, Vol. 7, p. 303, was sufficient to remove ineligibility. But in the case at bar the respondent resigned from his office as County Commissioner prior to his application for a place on the official ballot as a candidate for the Legislature; his resignation was forthwith accepted by the Commissioners Court and his successor immediately qualified and assumed the duties of the office. I would hold that respondent thereby became eligible to the Legislature and would deny the petition for writ of mandamus.

CULVER, J., joins in this dissent.