

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 12, 1974

The Honorable Bill Neal
District Attorney
Wilbarger County Courthouse
P. O. Box 1484
Vernon, Texas   76384

Opinion No. H-278

Re: Whether a county judge may
be a candidate for election to
the State Senate.

Dear Mr. Neal:

You have requested our opinion on the question:

"Is Texas County Judge whose present term as
County Judge expires December 31, 1974 and who is
otherwise qualified, eligible to become a candidate
for the Texas Senate in the upcoming regular election
to be held on November 5, 1974?"

Section 19 of Article 3 of the Constitution of Texas is:

"No judge of any court, Secretary of State, Attorney
General, clerk of any court of record, or any person
holding a lucrative office under the United States, or
this State, or any foreign government shall during the
term for which he is elected or appointed, be eligible
to the Legislature."

Here, the word "eligible" refers to the time when the duties of the
office are to be assumed rather than to the time when the election for the
office is held. Kothman v. Daniels, 397 S. W. 2d 940 (Tex. Civ. App. 1965,
no writ).

Prior to 1966, Sections 3 and 4 of Article 3 of the Constitution provided
that Senators and Representatives, respectively, took office immediately
following their election and, on this basis, it was held that a district attorney,
a county commissioner, and a city councilman, whose terms extended past

the general election were ineligible to be elected to the Legislature. Kirk v. Gordon, 376 S. W. 2d 560 (Tex. 1964); Lee v. Daniels, 377 S. W. 2d 618 (Tex. 1964); Willis v. Potts,   377 S. W. 2d 622 (Tex. 1964).

In November 1966, Sections 3 and 4 of Article 3 were amended so that each contains the provision that the senator or representative "shall take office following their election, on the day set by law for the convening of the Regular Session of the Legislature. . ."

The day set by law for the convening of the Legislature in Regular Session is the second Tuesday in January. (Article 3, Sec. 5, Texas Constitution; Article 5422, V. T. C. S. ).

We are of the opinion, therefore, that a county judge, whose term of office will expire December 31, 1974, is not made ineligible by Article 3, Sec. 19, Texas Constitution, to run for election as state senator for a term to commence the secondTuesday in January, 1975. Because the unexpired term of the Judge is less than one year, Article 16, Sec. 65 of the Constitution does not apply.

## SUMMARY

A county judge whose unexpired term is less than one year and will expire prior to the convening of the regular session of the Legislature is not made ineligible to become a candidate for the State Senate by Article 3, Sec. 18, or Article 16, Sec. 65 of the Texas Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

Larry F. York   First Assistant

David M. Kendall,  Chairman
Opinion Committee