**Abel CHAPA, Petitioner,**

v.

**William A. WHITTLE, Nueces County Democratic Chairman and the Executive Committee for the Years 1975 through 1976, Respondents.**

**No. 1127.**

Court of Civil Appeals of Texas, Corpus Christi.

May 18, 1976.

A. J. Pope, Corpus Christi, for petitioner.

William A. Whittle, pro se.

Kleberg, Mobley, Lockett & Weil, Ruben Bonilla, Bonilla, Read, Nutto & Bonilla, Inc., Corpus Christi, for respondents.

## OPINION

YOUNG, Justice.

By this original proceeding for mandamus Abel Chapa seeks to compel William A. Whittle, as Nueces County Democratic Chairman, and the Nueces County Executive Committee for the years 1975 through 1976 to remove candidate Arnold Gonzales from the run-off election to be held June 5, 1976, for the office of State Representative, District 48–A, and to advance petitioner's name to the run-off ballot as a replacement. Gonzales has intervened as corespondent.

In his petition for mandamus, Chapa alleged that Gonzales' candidacy for the Legislature is in violation of Tex.Const. art. III, § 19 and 5 U.S.C.A. § 1502(a). Specifically, petitioner alleged that at the time Gonzales made application to run for the Texas Legislature, he was acting as the appointed Director of the Social Culture Intervention Program for the Nueces County Mental Health and Mental Retardation Community Center at a salary of $14,148.00 and that such appointed position was a "lucrative office". In addition, petitioner stated that the office Gonzales was holding was a subdivision of the State of Texas and that it was at the present time receiving grants from both the state and federal governments. Therefore, petitioner asserted, Gonzales is ineligible for the upcoming run-off election because he is in violation of the Texas Constitution and the Hatch Act; as a consequence, Abel Chapa's name should be put on the ballot as Gonzales' replacement under Tex.Election Code Ann. art. 8.22.

■ Our first consideration is the form of the petition presented to us. We note that the petition is unverified. Therefore, the petition violates the longstanding rule in this State that an affidavit verifying all of the facts stated must accompany a petition for mandamus. *Shirley & Holland v. Conner*, 98 Tex. 63, 81 S.W. 284 (1904); *Elliott v. Hamilton*, 512 S.W.2d 824 (Tex. Civ.App.—Corpus Christi 1974, no writ). Because of that violation alone it is our duty to refuse the relator's request for a writ of mandamus. As we explained in *Elliott* at page 825:

". . . The affidavit must constitute such a positive statement of knowledge of the facts in the petition as would constitute a basis for a charge of perjury if such facts were found to be untrue. One of the reasons for this rule is, that the Court of Civil Appeals is not equipped to find facts. It is not generally the appellate court's function to find facts. We must rely on the truth of the record as it is filed in this Court."

■ Nevertheless, we will examine the relator's petition for mandamus to determine whether it is otherwise sufficient. In doing so we will be guided by the following general rules. The petition must demonstrate a clear right to the relief sought. *Anderson v. Polk*, 117 Tex. 73, 297 S.W. 219 (1927). A writ of mandamus will not issue from an appellate court if there be a fact question affecting the rights of the parties. *Dick v. Kazen*, 156 Tex. 122, 292 S.W.2d 913 (1956). Any constitutional or statutory provision which restricts the right to hold public office should be strictly construed against ineligibility. *Willis v. Potts*, 377 S.W.2d 622 (Tex.Sup.1964).

We will next consider petitioner's contention that Gonzales is ineligible for the Legislature because of his violation of Tex. Const. art. III, § 19. That section reads as follows:

"No judge of any court, Secretary of State, Attorney General, clerk of any court of record, or any person holding a lucrative office under the United States, or this State, or any foreign government shall during the term for which he is elected or appointed, be eligible to the Legislature."

It is apparent then that before a candidate for the State Legislature is ineligible, all of the following conditions must exist: 1) that he is holding a lucrative office; 2) that such office has been established or set up under the laws or Constitution of either the United States, State of Texas or foreign government; 3) that such office is either an elected or appointed position; and 4) that the term of office for which he is presently

holding runs into or overlaps the term of the Legislature he is seeking.

If we assume that petitioner has sufficiently alleged that the first three conditions above exist concerning Gonzales; i. e., "lucrative office", "established under" our state or federal laws or constitutions, and "elected or appointed position", we still have the issue of "term of office" to resolve.

In that regard, the petition contains no specific allegations about the "term of office" of Gonzales. It does, however, state the following:

> "Arnold Gonzales was an appointed Director of the Social Culture Intervention Program for the Nueces County Mental Health and Mental Retardation Community Center *at the time* he made his application to be a candidate for the Texas Legislature.

> Arnold Gonzales resigned his position as Director . . . on or about May 5, 1976, . . ." (Emphasis supplied.)

So, the petitioner argues, Gonzales was serving a prohibited "term of office" in February when he applied to be a candidate and his term continued until at least May 5, when he resigned. Gonzales, therefore, was ineligible when he applied which ineligibility continued until the first primary was concluded. Further, the petitioner says, Texas Election Code Ann. art. 1.05, Subdivision 4 (Supp.1975), prohibits the placing of an ineligible candidate's name on the ballot of any primary, general or special election. Consequently, Gonzales' name was improperly on the first primary ballot and thus his name cannot be legally placed on the run-off ballot.

■ We disagree with those contentions because we determine from our Supreme Court's holdings in *Lee v. Daniels*, 377 S.W.2d 618 (Tex.Sup.1964) and *Kirk v. Gordon*, 376 S.W.2d 560 (Tex.Sup.1964) that "term of office" should have a different application. The "term of office" that disqualifies a candidate is one that overlaps or extends into his term of office, if elected, as a member of the House of Representatives.

And the term of office of those members begins from the day of their election in the general election held in November. Tex. Const. art. III, § 4; *Lee v. Daniel*, supra; *Kirk v. Gordon*, supra.

It follows then that if the ending date of Gonzales' "term of office" as a director, regardless of the date of his resignation, falls before the general election in November 1976, he is not now ineligible to be a candidate for the Legislature, nor was he ineligible at the time of his application to be a candidate.

This is not a novel principle; i. e., being apparently ineligible at the time of the first primary and becoming eligible by the time the general election in November occurs. In *Luna v. Blanton*, 478 S.W.2d 76 (Tex. Sup.1972) our Supreme Court answered certified questions about requirements of residence concerning a candidate for the Texas Senate. The effect of those answers was: even though a candidate had not met the time requirement of residence in the subject district by the date of the first primary, nevertheless, if he will have met that time requirement by the date of the general election in November, he is entitled to have his name placed on the primary ballot.

At this point we mention that the parties in their briefs and oral arguments to us urged conflicting dates about termination of Gonzales' "term of office" as a director. They also urged conflicting facts about the existence of the other conditions that must exist for Gonzales to be ineligible under Article III, § 19 of our Texas Constitution. If we consider facts in the arguments and briefs at all, we would find that fact questions are there raised. And we cannot here resolve fact questions. *Dick v. Kazen*, supra.

■ We hold, therefore, that the petitioner has failed to demonstrate in his petition a clear right to the relief sought under Article III, § 19 of our Texas Constitution, because he has not clearly shown that Gonzales' "term of office", if any, extends beyond the date of the general election to be

conducted in November 1976. Petitioner's first contention is overruled.

 In his brief and in his oral argument to us the petitioner invoked Tex.Const. art. XVI, § 12, as an additional ground for Gonzales' ineligibility. This section is as follows:

"No member of Congress, no person holding or exercising any office of profit or trust, under the United States, or either of them, or under any foreign power, shall be eligible as a member of the Legislature, or hold or exercise any office of profit or trust under this State."

This provision obviously prohibits dual office holding. Because the petitioner has alleged that Gonzales resigned the questioned office on May 5, 1976, Gonzales could not be holding office as director at the same time he would be holding office, if elected, as a member of the Legislature. Petitioner's contention based on Article XVI, § 12, supra, is overruled.

About 5 U.S.C.A. § 1502(a), commonly called the "Hatch Act", in oral argument the petitioner asserted that he is not invoking the "Hatch Act" as a ground for ineligibility of Gonzales as a candidate. We, therefore, overrule his "Hatch Act" contention.

The petition for mandamus is denied.

Because of the emergency arising from the imminent approach of the time for printing the ballots for the June primary, the parties hereto will be denied the right to file a motion for rehearing.

NYE, C. J., not participating.