**John L. FASHING et al., Plaintiffs,**

v.

**Judge T. Udell MOORE et al., Defendants.**

**No. EP–78–CA–126.**

United States District Court, W. D. Texas.

Jan. 23, 1980.

Raymond C. Caballero, El Paso, Tex., for plaintiffs.

George Rodriguez, Jr., El Paso, Tex., for Judge T. Udell Moore, Clyde C. Anderson, Richard Telles, Rogelio Sanchez, C. W. Mattox.

Christopher Haynes, El Paso, Tex., for Mary Haynes and El Paso County Democratic Executive Committee.

Susan Dasher, Asst. Atty. Gen., Austin, Tex., for Dolph Briscoe, John L. Hill, Steven Oaks.

## MEMORANDUM OPINION AND ORDER

HUDSPETH, District Judge.

Plaintiffs bring this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, seeking to challenge the constitutionality of Article III, Section 19, and Article XVI, Section 65 of the Constitution of Texas. Some of the Plaintiffs are public officials, to wit: Fashing is a Judge of the County Court-at-Law; Baca and McGhee are Justices of the Peace; and Ybarra is a Constable. The remaining Plaintiffs are identified as citizens and registered voters of El Paso County and of other counties in the State of Texas. All seek to enjoin the Defendants from enforcing the provisions of the Texas Constitution under attack, contending that the sections in question contravene the rights guaranteed to Plaintiffs in the First, Fifth, and Fourteenth Amendments to the Constitution of the United States. Both Fashing and McGhee assert that they would become candidates for higher judicial office but for the terms of Article XVI, Section 65, which would cause the automatic vacation of their present offices. According to Ybarra, the same fact prevents his candidacy for Justice of the Peace. Baca additionally asserts that he would consider a candidacy for the Texas Legislature were it not for the provisions of Article III, Section 19, which prohibit his filing for that position. The voter Plaintiffs all contend that they desire to vote for and support the candidacy of the public official Plaintiffs for the offices mentioned, but are being deprived of that right in violation of the United States Constitution.

Some of the named Defendants, to wit: the County Judge and County Commissioners of El Paso County and the County Democratic Party officials, have announced that they do not contest the Plaintiffs' suit, and they agree with Plaintiffs' contention that the sections in question are unconstitutional. The Governor, Attorney General, and Secretary of the State of Texas, however, continue to defend the suit, and deny that Plaintiffs are entitled to any relief. All material facts have been stipulated by the

parties, and the case is before the Court on the State officials' motion to dismiss and on cross-motions for summary judgment.

I. *The Sections Challenged.*

Article III, Section 19 of the Constitution of Texas, adopted in 1876, provides as follows:

"No judge of any court, Secretary of State, Attorney General, Clerk of any court of record, or any person holding a lucrative office under the United States, or this State, or any foreign government shall during the term for which he is elected or appointed, be eligible to the Legislature."

The language of this Section has remained virtually unchanged since the first Texas Constitution in 1836. It traces back to a 1701 Act of the British Parliament, which forbade persons holding an office under the King from serving in the House of Commons, thereby preventing any undue influence of the executive upon the Parliament. Vernon's Texas Const.Ann., Art. III, § 19, Interpretive Commentary. Texas case law has held invalid the election or candidacy of an officeholder whose term of office extends into the term of the Legislature to which he seeks election, even if he has vacated the previous office. *Kirk v. Gordon*, 376 S.W.2d 560 (Tex.Sup.1964); *Lee v. Daniels*, 377 S.W.2d 618 (Tex.Sup.1964); *Willis v. Potts*, 377 S.W.2d 622 (Tex.Sup. 1964). Furthermore, the term "lucrative office under . . . this State" has been broadly interpreted to include virtually all officials of cities and counties. *Willis v. Potts, supra*, 377 S.W.2d at 625–6.

By contrast, the challenged portion of Article XVI, Section 65, was added to the Texas Constitution in 1958. It provides that

". . . if any of the officers named herein shall announce their candidacy, or shall in fact become a candidate, in any General, Special or Primary Election, for any office of profit or trust under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then held shall exceed one (1) year,

such announcement or such candidacy shall constitute an automatic resignation of the office then held, and the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled."

The officers covered by the section include county judges and judges of county courts at law, probate, and domestic relations courts; justices of the peace; constables; district and county clerks; district and county attorneys; sheriffs; county tax collectors, county commissioners and county treasurers. State officials *not* covered by Section 65 include the Governor; Lieutenant Governor; Attorney General; Land Commissioner; Railroad Commissioners; all members of the legislature; justices or judges of the Supreme Court, Court of Criminal Appeals or Courts of Civil Appeals; district and criminal district judges; judges of family and juvenile courts, and municipal judges.

II. *The Motion to Dismiss.*

■ The State Defendants have moved to dismiss this suit, contending that (1) Plaintiffs lack standing, in that they have failed to show an actual injury of such immediacy and reality to warrant a declaratory judgment; (2) the Court lacks subject matter jurisdiction, in that no actual "case or controversy" is presented, (3) suit is barred by the Eleventh Amendment. The first two contentions are without merit. Federal courts are empowered to decide cases arising under 42 U.S.C. § 1983, pursuant to jurisdiction conferred by 28 U.S.C. § 1343(3) and 28 U.S.C. §§ 2201, 2202 when the "course of conduct in which the plaintiff plans to engage is clear to the court at the time the suit is filed." *Morial v. Judiciary Commission of the State of Louisiana*, 565 F.2d 295, 298 (5th Cir. 1977) (en banc). Plaintiffs herein have shown by affidavit the course of conduct in which they desire and intend to engage but for the restrictions imposed by Article III, Section 19 and Article XVI, Section 65. Actual conduct which would invoke the operation of the sections under attack is not a prerequisite to challenging their validity. *Steffel v.*

*Thompson,* 415 U.S. 452, 459, 94 S.Ct. 1209, 1215, 39 L.Ed.2d 505 (1974). Indeed, "preconduct challenges to the validity of laws burdening first amendment rights are among the essential bulwarks of a system of free expression." *Morial v. Judiciary Commission of the State of Louisiana, supra,* 565 F.2d at 298. The Court has jurisdiction and the Plaintiffs have standing to bring the action.

■ Neither is suit barred by the Eleventh Amendment. Since *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), it has been established that a federal court may enjoin a state official from enforcing a state statute that violates the United States Constitution. Such an official is "stripped of his official character," because the state "has no power to impart to him any immunity from responsibility to the supreme authority of the United States." *Ex Parte Young, supra,* 209 U.S. at 160, 28 S.Ct. at 454. See also *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978); *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), all of which uphold injunctive relief against specified state officials. Since the instant suit is not brought against the State of Texas as such, but against designated state officials empowered to enforce the Texas constitutional provisions under attack, the Eleventh Amendment does not bar injunctive relief.

■ Defendants also assert that Plaintiffs have not alleged nor shown an intent on the part of Defendants to discriminate against them. However, a specific intent to deprive a plaintiff of his constitutional rights is not a prerequisite to liability under § 1983. *Monroe v. Pape,* 365 U.S. 167, 198, 81 S.Ct. 473, 489, 5 L.Ed.2d 492 (1961).

The motion to dismiss by the state defendants should be denied.

III. *Do Article III, Section 19 and Article XVI, Section 65 Violate the United States Constitution?*

Plaintiffs claim that the challenged sections impair their First, Fifth and Four-teenth Amendment rights to freedom of speech and freedom of association, to seek and hold elective office, and to vote. Furthermore, they claim the sections in question violate the Equal Protection Clause of the Fourteenth Amendment.

■ The right to engage in political activities is not absolute, and both state and federal governments may place restrictions upon the political activities of public employees. *United States Civil Service Commission v. National Association of Letter Carriers,* 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973); *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). However, such a restriction is constitutionally permissible only if it is ". . . justified by a reasonable necessity . . . to burden those activities to achieve a compelling public objective." *Morial v. Judiciary Commission of Louisiana, supra,* 565 F.2d at 300. Thus it is necessary to compare the interests asserted by the Plaintiffs with those of the State, to determine whether or not a reasonable necessity has been shown for the imposition of those substantial burdens.

■ Article XVI, Section 65, is basically a "resign-to-run" rule, and thus invites comparison with the Louisiana rule upheld by the Fifth Circuit in *Morial.* Such comparison immediately reveals that Section 65 goes far beyond the Louisiana statute. In Louisiana, only judges who become candidates for non-judicial offices are required to resign; in Texas, the law additionally expels from office some judges who file for a different judicial office (e. g., a county judge who runs for district judge), and certain non-judicial officers who wish to run for any position other than that presently held (e. g., a constable who runs for justice of the peace or sheriff). Since the Texas restrictions are so much broader, the State would have a heavy burden of showing them to be reasonably necessary to achieve a compelling State objective, so as to uphold their validity under the First Amendment. In the case of Section 65, however, it is not necessary to reach that issue, since the Court finds that the classification it creates

violates the Equal Protection clause of the Fourteenth Amendment.

To be constitutionally permissible, the classification created by Section 65 must ". . . serve important governmental objectives," and be ". . . substantially related to achievement of those objectives." *Craig v. Boren*, 429 U.S. 190, 197, 97 S.Ct. 451, 457, 50 L.Ed.2d 397 (1977). The State Defendants argue that Section 65 serves the following objectives: (1) The prevention of abuse of office by incumbent officeholders, not only during campaigns, but afterwards, if the candidate loses his bid for a new office; (2) the compulsion of incumbents to give their undivided attention to the offices already held; (3) the elimination of any appearance of impropriety during and after campaigns; and (4) the prevention of conflicts of interest. While these are legitimate state interests, the constitution further requires that the classification embodied in Section 65 be reasonably necessary to vindicate these interests. *Morial v. Judiciary Commission of the State of Louisiana, supra*, 565 F.2d at 304. This is the respect in which it fails. Can a classification be upheld which allows a municipal court judge (not covered by Section 65) to run for district judge without resigning his office, while a justice of the peace (covered by Section 65) cannot? How can a rule be justified which permits a district judge to run for the Court of Civil Appeals without vacating his office, while a county court-at-law judge may not do so? Merely to state the questions is to make obvious the answers. The classification fails to serve any proper governmental interest, and it is constitutionally impermissible. *Turner v. Fouche*, 396 U.S. 346, 362–3, 90 S.Ct. 532, 541–42, 24 L.Ed.2d 567 (1970); *Carrington v. Rash*, 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965).

█ Article III, Section 19 likewise creates classifications that are invidiously discriminatory. Some executive and judicial officers who desire to seek legislative office, but whose terms happen to overlap with the legislative term, are barred from running even if they resign their present offices. This prohibition affects mayors and city councilmen, whose terms typically end in April of a non-election year, as well as many judges and other officials serving four-year terms. No reciprocal prohibition, however, is placed upon a legislator seeking to run for mayor or judge. A further distinction is drawn between those executive and judicial officers whose terms end concurrently with the beginning of the legislative term, who may run, and those whose terms overlap the legislative term, who may not run. See *Willis v. Potts, supra*. Section 19 is not a prohibition against dual office holding, which would be a proper exercise of the state's power.[1] Nor is it a "resign-to-run" rule, such as the one upheld in *Morial*. It is not reasonably related to the achievement of important governmental objectives, *Craig v. Boren, supra*, but rather embodies distinctions that violate the federal constitutional guarantee of equal protection of the laws. *Turner v. Fouche, supra; Carrington v. Rash, supra; Skinner v. State of Oklahoma ex rel. Williamson*, 316 U.S. 535, 540, 62 S.Ct. 1110, 1112, 86 L.Ed. 1655 (1942). See *Barry v. District of Columbia Board of Elections and Ethics*, 448 F.Supp. 1249, 1253–5 (D.D.C.1978).

*IV. Conclusions.*

The Plaintiffs have standing to bring this suit, and the motion to dismiss should be denied. The Court finds that the challenged provisions of Article XVI, Section 65, and Article III, Section 19, of the Texas Constitution contravene the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. The Defendants' motion for summary judgment should be denied, and the Plaintiffs' motion for summary judgment should be granted.

It is therefore ORDERED that Defendants' motion to dismiss be, and it is hereby, DENIED.

---

1. The State of Texas does prohibit dual office holding elsewhere in its Constitution. Constitution of Texas, Article XVI, Sections 12, 40.

476

It is further ORDERED that the Defendants' motion for summary judgment be, and the same is hereby, DENIED.

It is further ORDERED that the Plaintiffs' motion for summary judgment be, and the same is hereby, GRANTED.