

# The Attorney General of Texas

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

September 10, 1982

Mr. David Dean
Secretary of State
P. O. Box 12697
Austin, Texas    78711

Opinion No.   MW-513

Re:   Construction of article III, section 19 of the Texas Constitution

Dear Mr. Dean:

You inquire about the effect of the recent United States Supreme Court decision in Clements v. Fashing, on certain Texas officeholders and candidates for elective office. The Fashing decision upheld article III, section 19 and article XVI, section 65 against challenges to their constitutionality raised by public officials and voters of El Paso County. Article III, section 19 of the Texas Constitution provides as follows:

> No judge of any court, Secretary of State, Attorney General, clerk of any court of record, or any person holding a lucrative office under the United States, or this State, or any foreign government shall during the term for which he is elected or appointed, be eligible to the Legislature.

A justice of the peace of El Paso County attacked this provision as violating the equal protection and due process rights guaranteed by the first, fifth, and fourteenth amendments of the United States Constitution.

Article XVI, section 65 provides that certain district, county, and precinct officers will automatically vacate their offices if they become candidates for a second office when the unexpired term of the first office exceeds one year. This provision was challenged on the same constitutional grounds as article III, section 19.

The federal district court ruled in favor of plaintiffs, and enjoined the El Paso County officials and the governor, secretary of state, and attorney general from enforcing the challenged provisions of article III, section 19 and article XVI, section 65. Fashing v. Moore, 489 F. Supp. 471 (W.D. Tex. 1980). The district court ruling was affirmed by the Fifth Circuit. Fashing v. Moore, 631 F.2d 731

(5th Cir. 1980) (per curiam).   The United States Supreme Court reversed the Fifth Circuit.   Clements v. Fashing, 50 U.S.L.W. 4869 (1982).

Following the district court ruling in Fashing, a number of officeholders continued to perform the duties of their first office while running for a second in contravention of the terms of article XVI, section 65.   You inquire about the effect of the Supreme Court decision in Fashing on these persons.   This question has been raised in lawsuits filed by two of the officers in question.   Spears v. Bustamente, No. 82-Cl-10202 (Dist. of Bexar County, 131st Judicial Dist. of Texas, filed July 6, 1982); Heard v. Lindsay, No. 82-33895 (Dist. of Harris County, 189th Judicial Dist. of Texas, filed July 9, 1982).   It is the longstanding policy of this office not to issue opinions on matters that are in litigation.   Therefore, we will not answer your question concerning the effect of the Supreme Court ruling on officeholders subject to article XVI, section 65.

You also ask whether officeholders covered by article III, section 19 of the Texas Constitution are eligible to run for the Texas Legislature where the term of the current office does not overlap the term of the legislative office sought.   Article III, section 19 provides as follows:

> No judge of any court, Secretary of State, Attorney General, clerk of any court of record, or any person holding a lucrative office under the United States, or this State, or any foreign government shall during the term for which he is elected or appointed, be eligible to the Legislature.

The Texas Supreme Court has held that this provision bars an officeholder from seeking election to the legislature if the legislative term overlaps with the term of the current office.   Lee v. Daniels, 377 S.W.2d 618 (Tex. 1964); Willis v. Potts, 377 S.W.2d 622 (Tex. 1964); Kirk v. Gordon, 376 S.W.2d 560 (Tex. 1964).

The United States Supreme Court opinion in Clements v. Fashing, relied upon the construction of article III, section 19 as announced by the Texas Supreme Court.   The plurality opinion stated as follows:

> Section 19 renders an officeholder ineligible for the Texas legislature if his current term of office will not expire until after the legislative term to which he aspires begins.   Lee v. Daniels, 377 S.W.2d 618, 619 (Tex. 1964)....   In other words, §19 requires an officeholder to complete

> his current term of office before he may be
> eligible to serve in the Legislature.

An individual who is ineligible to hold an office may not become a candidate for it.   Elec. Code art. 1.05, §1.   Thus, an officeholder named by article III, section 19 may not run for a legislative term that would overlap the term he is currently serving.

It is a reasonable inference from the Texas Supreme Court cases construing article III, section 19, that this provision does not prohibit an officer from running for the Texas Legislature when the term of his current office expires before the term of the legislative office begins.   The Texas Supreme Court stated in Kirk v. Gordon that:

> It is the fact that the term of office of
> district attorney to which he was elected
> conflicts with the term of office of members of
> the House of Representatives which controls.

376 S.W.2d at 562.   This statement was quoted in Lee v. Daniels, 377 S.W.2d at 619.   A court of civil appeals, the secretary of state's office and this office have interpreted article III, section 19 as not prohibiting an officeholder from seeking legislative office if his current term expires before the legislative term begins.   See Chapa v. Whittle, 536 S.W.2d 681 (Tex. Civ. App. – Corpus Christi 1976, no writ); Attorney General Opinion H-278 (1974); Election Law Opinion DAD-34 (1982).

In adjudicating the validity under the federal Constitution of a provision of state law, the United States Supreme Court looks to the decisions of that state's courts to determine the meaning of the provision.   See Clay v. Sun Insurance Office, Ltd., 363 U.S. 207 (1960); Leitner Minerals, Inc. v. United States, 352 U.S. 220 (1957). In Clements v. Fashing, the Supreme Court addressed the constitutionality of article III, section 19 as construed by the Texas courts.   There are statements in the plurality opinion of Clements v. Fashing which could be read to suggest that section 19 bars an officeholder from even becoming a candidate for the legislature until his current term is completed.   However, these statements must be read in the context of the Court's initial discussion of article III, section 19 and of the particular facts before it.   The Court does not purport to construe article III, section 19 in a way that is inconsistent with the construction adopted by the Texas Supreme Court. Article III, section 19 does not render an officeholder ineligible to run for the Texas Legislature when the term of his current office does not overlap the term of the legislative office sought.

S U M M A R Y

Article III, section 19 of the Texas Constitution does not render an officeholder subject to its provisions ineligible to run for the Texas Legislature when the term of his current office does not overlap the term of the legislative office he is seeking.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Bruce Youngblood