

OFFICE *of the* ATTORNEY GENERAL

GREG ABBOTT

December 23, 2002

The Honorable Jane Nelson
Chair, Senate Committee on Nominations
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0006

Re: Whether a member of the legislature who resigns his or her legislative office may, during the term for which he or she was elected, be appointed to a position or office that requires senate confirmation. (RQ-0574-JC)

Dear Senator Nelson:

You have requested our opinion as to whether, under article III, section 18 of the Texas Constitution, a member of the legislature who resigns his or her legislative office may, "during the term for which he [or she] was elected," be appointed to a position or office that requires senate confirmation. We conclude that a member of the legislature may not be so appointed "during the term for which he [or she] was elected."

Article III, section 18 of the Texas Constitution provides, in relevant part:

> No Senator or Representative shall, *during the term for which he was elected,* be eligible to (1) any civil office of profit under this State which shall have been created, or the emoluments of which may have been increased, during such term, or (2) *any office or place, the appointment to which may be made, in whole or in part, by either branch of the Legislature*; provided, however, the fact that the term of office of Senators and Representatives does not end precisely on the last day of December but extends a few days into January of the succeeding year shall be considered as de minimis, and the ineligibility herein created shall terminate on the last day in December of the last full calendar year of the term for which he was elected.

TEX. CONST. art. III, § 18 (emphasis added).

We note as a preliminary matter that a position or office that requires senate confirmation falls within the second prong of article III, section 18, in that it constitutes "any office or place, the appointment to which may be made, in whole or in part, by either branch of the legislature." Article IV, section 12 of the Texas Constitution provides that "[a]ll vacancies in State or district offices,

*An Equal Employment Opportunity Employer · Printed on Recycled Paper*

except members of the Legislature, shall be filled unless otherwise provided by law by appointment of the Governor." TEX CONST. art. IV, §12(a). An appointment made by the governor during a session requires "the advice and consent of two-thirds of the Senate present," in order to be effective. TEX. CONST. art. IV, §12(b). If the appointment is made during the recess of the senate, the governor must submit the nomination to the Senate "during the first ten days of the next session following the appointment." TEX. CONST. art. IV, §12(c). An appointment of the governor that requires senate confirmation is not effective unless and until two-thirds of the members of the senate consent to the appointment. *See Denison v. State*, 61 S.W.2d 1017, 1021 (Tex. Civ. App.-Austin 1933, writ ref'd, 61 S.W.2d 1022 (Tex. 1933). Because such an appointment is invalid without the advice and consent of the senate, we believe it follows that an appointment that requires senate confirmation is one whose appointment is made, in part, by a branch of the legislature.

We turn now to your question regarding the eligibility of a member of the legislature to be appointed by the governor to a position that requires senate confirmation "during the term for which he was elected." The answer to your inquiry depends upon the meaning of the phrase "during the term for which he was elected." We first address the situation regarding a member of the Texas Senate recently elected at the November 2000 general election.[1]

The phrase in question has been little construed in relation to article III, section 18. Similar language in article III, section 19 has been interpreted by the Texas Supreme Court on several occasions, most recently in 1992. Article III, section 19 provides:

> No judge of any court, Secretary of State, Attorney General, clerk of any court of record, or any person holding a lucrative office under the United States, or this State, or any foreign government shall during the term for which he is elected or appointed, be eligible to the Legislature.

TEX. CONST. art. III, § 19. Thus, article III, section 19 presents a sort of inverse of article III, section 18. The latter prohibits a member of the legislature from being eligible to any appointment that requires senate confirmation. The former, on the other hand, prohibits certain elected and appointed officials, "during the term for which [they were] elected or appointed," from being eligible for service in the legislature.

In *Kirk v. Gordon*, 376 S.W.2d 560 (Tex. 1964), and *Lee v. Daniels*, 377 S.W.2d 618 (Tex. 1964),[2] the Texas Supreme Court construed the phrase "during the term to which he was elected," for purposes of article III, section 19, to mean the entire term, such that resignation from a disqualifying office would not remove the ineligibility. *Lee*, 377 S.W.2d at 620. In *Lee*, a county

---

[1]Members of the Texas Senate serve four-year terms; thus, persons elected to the senate in November 2000 began serving their terms in January 2001, and those terms will expire, for purposes of article III, section 18, on the last day of December 2004.

[2]Both *Kirk v. Gordon*, 376 S.W.2d 560 (Tex. 1964), and *Lee v. Daniels*, 377 S.W.2d 618 (Tex. 1964), were overruled in 1992 by *Wentworth v. Meyer*, 839 S.W.2d 766 (Tex. 1992). *See infra.*

commissioner had resigned that position on February 1, 1964, and sought to stand for legislative office. The court held that, because the individual's term as commissioner did not expire until December 31, 1964, he was ineligible to appear on the November ballot for election to the legislature. In a vigorous dissent, Justice Steakley argued that, because the individual in question had "resigned from his office as County Commissioner prior to his application for a place on the official ballot as a candidate for the Legislature; his resignation was forthwith accepted by the Commissioners Court and his successor immediately qualified and assumed the duties of the office," the individual "thereby became eligible to the Legislature." *Id.* at 622 (Steakley, J., dissenting).

Article III, section 19 was revisited by the supreme court in 1992, and both *Kirk* and *Lee* were overruled. *See Wentworth v. Meyer*, 839 S.W.2d 766 (Tex. 1992). Although the factual circumstances in *Wentworth* were sympathetic,[3] the court could manage only a plurality opinion written by Justice Cook, and eight different justices wrote separate opinions. Because of the relevance of *Wentworth* for the present inquiry, we will address it in some detail.

On March 24, 1987, Relator Jeff Wentworth had been appointed by the governor to the Board of Regents of the Texas State University System for a six-year term that would expire on February 1, 1993. "On May 10, 1988, Wentworth resigned as regent, before assuming office as a state representative on May 11, 1988, after a special election. Wentworth was reelected to the House of Representatives in November 1988 and November 1990, and his current term as a representative would not expire until the legislature convene[d] on January 12, 1993." *Wentworth*, 839 S.W.2d at 767. In April 1992, Wentworth was the Republican nominee for state senator in his district. After first certifying to the secretary of state that Wentworth was the Republican Party's nominee for that office, Fred Meyer, State Chairman of the Texas Republican Party, "notified the Secretary of State by letter that he had determined and declared Wentworth ineligible as the Republican nominee." *Id.* The question before the court was whether Wentworth's resignation from the board of regents, four years before his victory in the 1992 Republican primary election, "saves his candidacy from the prohibition of section 19." *Id.* As the plurality opinion noted:

> Resolution of the issue requires interpretation of the words "during the term for which he is elected or appointed." The words support two interpretations. If the "term" which cannot overlap is the entire six-year Board term, then Wentworth cannot become a state senator. If Wentworth's "term" ended when he resigned, then he is free to run for legislative office.

*Id.*

The plurality opinion relied most significantly on the rule of construction that holds that "[a]ny constitutional or statutory provision which restricts the right to hold office must be strictly construed against ineligibility." *Id.* (citing *Brown v. Meyer*, 787 S.W.2d 42 (Tex. 1990)). Justice

---

[3]Letter from Honorable Jane Nelson, Chair, Senate Committee on Nominations, to Honorable John Cornyn, Texas Attorney General, at 1 (July 2, 2002) (on file with Opinion Committee).

Cook's opinion, in holding that Wentworth's prior resignation was sufficient to render him eligible to stand for election to the office of state senator, explained his rationale thus:

> It is consistent with this purpose to interpret section 19 as prohibiting those officeholders from sitting in the legislature during the time they hold their offices. On the other hand, the purpose of section 19 is not advanced by denying legislative office to someone who abandons his office four years before seeking a legislative seat. That this is so is illustrated by the case before us today. Wentworth can exert no influence over the legislature by virtue of his former position as a regent, for he resigned that position four years ago. It was filled and is now occupied by someone else. Moreover, Wentworth has already served two terms in the legislature as a member of the House of Representatives. The purpose of section 19 cannot be fostered by an interpretation that denies this former regent the opportunity to run for the state senate.

*Id.* at 767-68. In summing up the plurality's position, Justice Cook stated that "[t]o allow Wentworth to take his seat as a senator does not violate either the express language or the purpose of article III, section 19 of the Texas Constitution . . . . The purpose of the provision, that is, to maintain separation of the powers of our government, is not served by excluding from the legislature those who hold none of the offices enumerated in section 19." *Id.* at 769.

Although article III, section 19 contains certain language that is virtually identical to that of article III, section 18, *i.e.*, "during the term for which he was elected," we are not persuaded that the rationale of *Wentworth* should be applied to an interpretation of article III, section 18 that involves sitting members of the senate. No member of the senate elected at the November 2000 general election has resigned as of this date. Consequently, the rationale of *Wentworth*, that the relator in that case "can exert no influence over the legislature by virtue of his former position," *id.* at 768, can have no bearing on the question you present. If, as the plurality in *Wentworth* declares, the purpose of article III, section 19 is "to maintain separation of the powers of our government," *id.* at 769, and is not served by excluding from the legislature certain named officials, the purpose of article III, section 18 may more fairly be said to be served by excluding a sitting, or newly resigned, member of the senate from consideration for a coveted office that requires legislative confirmation. Even if such individual were to resign days, weeks, or months before an appointment by the governor, it would not necessarily follow that the former legislator could "exert no influence over the legislature by virtue of his former position." *Id.* at 768. Such resignation so relatively close to the date of an appointment would, in our view, undermine rather than serve the purpose of maintaining the constitutional separation of powers.

In addition, a concurring opinion demonstrates that sections 18 and 19 are, in fact, not identical. Article III, section 19 applies only to those persons "holding a lucrative office," whereas article III, section 18 imposes no such requirement. The concurring opinion quite rightly notes that

> although Relator Wentworth concedes he once *held* a lucrative office, at the time he was determined to be disqualified by the Chairman of the Republican Party of Texas, Fred Meyer, he was *not holding* a lucrative office – he had resigned that office. Thus, regardless of the true meaning of "during the term to which he is elected or appointed," the constitutional prohibition on its face applies only to "any person *holding* a lucrative office," which Wentworth plainly is not.

*Id.* at 778 (Cornyn, J., concurring). Because article III, section 18, does not contain similar language, we do not believe that the Texas Supreme Court would necessarily follow the view of *Wentworth* with regard to a member of the senate who resigns days, weeks, or months before any prospective gubernatorial appointment. Given these differences between sections 18 and 19, we are reluctant to accord *Wentworth* determinative precedential value regarding a constitutional provision it did not consider. *See* Tex. Att'y Gen. LO-95-069, at 4-5 ("Cases that arise in the future under article III, section 19 will involve different facts and may raise different policy issues . . . . Whether a court might distinguish, depart from, broaden, or restrict *Wentworth* in the future is, of course, a question that cannot be resolved in the opinion process.").

We conclude therefore that, for purposes of article III, section 18, the phrase "during the term for which he was elected" must be read literally, despite the injunction that a constitutional provision that restricts the right to hold office must be construed strictly against ineligibility. As a result, a member of the Texas Senate who was elected at the November 2000 general election is not eligible to be appointed to any office or position that requires confirmation by the senate, even if the individual resigns shortly before the prospective appointment. This ineligibility, under the terms of article III, section 18, "shall terminate on the last day of December of the last full calendar year of the term for which he was elected," *i.e.*, December 31, 2004.

As to all members of the house and those members of the senate elected for a new term in the November 2002 general election, a somewhat different situation obtains. Prior to the 1966 amendment of sections 3 and 4 of article III, of the Texas Constitution, Texas law distinguished between the phrases "term of office" and "tenure of office." In *Spears v. Davis*, 398 S.W.2d 921 (Tex. 1966), the supreme court noted that "[a]s to members of the House of Representatives, the Constitution plainly says that 'their term of office shall be two years from the day of their election.'" *Id.* at 926. While noting that the Texas Constitution contained no similar language with regard to members of the Texas Senate, the court extended the rationale to senators as well. *Id.* at 927; *see also Kirk,* 376 S.W.2d at 562 ("When the qualified electors have cast their ballots and their votes have been canvassed, the election process is at an end and the term of office for the one receiving the highest number of votes begins, regardless of when he qualifies or whether he ever qualifies."). Apparently in response to *Spears v. Davis*, the voters in November 1966 amended section 3 of article III to provide that "[s]enators shall take office following their election, on the day set by law for the convening of the Regular Session of the Legislature, and shall serve thereafter for the full term of years to which elected" and likewise amended section 4 to read that "[r]epresentatives shall take office following their election, on the day set by law for the convening of the Regular Session of the Legislature, and shall serve thereafter for the full term of years to which elected." TEX. CONST. art.

III, §§ 3-4. Two years later, the voters amended article III, section 18, to acknowledge that the terms of senators and representatives elected two or four years previously might "extend[] a few days into January of the succeeding year." *See* Tex. Const. art. III, § 18 ("provided, however, the fact that the term of office of Senators and Representatives does not end precisely on the last day of December but extends a few days into January of the succeeding year shall be considered as de minimis, and the ineligibility herein created shall terminate on the last day in December of the last full calendar year of the term for which he was elected.")

Consequently, since the 1966 amendment to sections 3 and 4 of article III, the term of office of members of the legislature begins on the day the legislature convenes in January of odd-numbered years. The clear implication is that a member of the Seventy-seventh Legislature who was elected to the Seventy-eighth Legislature at the general election of November 2002 has a small "window of opportunity" during which he or she may be appointed by the governor to an office or position that requires senate confirmation. Such individual may be appointed at any time beginning January 1, 2003, until the convening of the Seventy-eighth Legislature on January 14, 2003.

## S U M M A R Y

By virtue of article III, section 18 of the Texas Constitution, a member of the Texas Senate who was elected to that position in the general election of November 2000 is not eligible during his or her term of office to be appointed by the governor to an office or position that requires senate confirmation, regardless of whether he or she resigns his or her legislative position shortly before any prospective appointment. On the other hand, a member of the Texas House of Representatives or a member of the Texas Senate elected at the general election of November 2002 is eligible to be appointed by the governor to an office or position that requires senate confirmation during a "window of opportunity" between January 1, 2003, and January 14, 2003, the date on which the Seventy-eighth Legislature convenes, provided that person resign his or her office during that window.

Very truly yours,

GREG ABBOTT
Attorney General of Texas


BARRY R. MCBEE
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee