Glenn H. KOTHMANN, Relator,

v.

John A. DANIELS, Respondent.

No. 14473.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 30, 1965.

Maverick, Tynan & Gochman, San Antonio, for relator.

John A. Daniels, James L. M. Miller, San Antonio, for respondent.

PER CURIAM.

Relator, Glenn H. Kothmann, seeks an original writ of mandamus compelling respondent, John A. Daniels, Chairman of the Democratic Party Executive Committee of Bexar County, to accept relator's application to have his name placed upon the official ballot of the General Primary Election of the Democratic Party, to be held May 7, 1966, as a candidate for the office of District Clerk of Bexar County.

■ This Court has jurisdiction of this case under Art. 1735a, Vernon's Ann.Tex. Stats.

On December 8, 1965, Kothmann tendered to Daniels his application to have his name placed on the official ballot at said primary election as a candidate for the Democratic nomination for the office of District Clerk. The application met all requirements prescribed by the Election Code, but respondent refused to accept such application because he believed the provisions of Art. III, § 18, of the Texas Constitution, Vernon's Ann.St., prevented relator from being a candidate for the office of District Clerk.

Art. III, § 18, of the State Constitution provides, in part: "No Senator or Representative shall, during the term for which he may be elected, be eligible to any civil office of profit under this State, which shall have been created, or the emoluments of which may have been increased during such term; * * *."

Kothmann is presently a member of the House of Representatives of the State of Texas, having been elected for a term which, under Art. III, § 4, of the Constitution, will expire on election day, November 8, 1966. During Kothmann's present term, the Legislature enacted into law

House Bill 629 (Art. 3917b, Vernon's Ann. Civ.Stats.), which authorized the Commissioners' Court of Bexar County to increase the salary of the District Clerk, the office which Kothmann seeks, to $15,000.00 per annum. For the purposes of this opinion, we will assume, without deciding, that the effect of such statute was to increase the emoluments of the office of District Clerk, a civil office of profit.

The term of the office which Kothmann seeks will begin on January 1, 1967, almost two months after the expiration of Kothmann's term as a member of the House of Representatives. Art. 17, Vernon's Ann. Civ.Stats.

The question which we must decide is whether the word "eligible," as used in the Constitution, refers to the time of a person's election to office, or to the time when he assumes the duties of the office.

Where, as in the case of the constitutional provision with which we are concerned, no time is specified for the existence of conditions of eligibility, the American courts are in disagreement as to the time when such conditions must exist in order to satisfy the constitutional requirements. One line of authority, construing the word "eligible" to mean "capable of being chosen," adopts the view that the required eligibility must exist at the time of the election. The opposing view, which appears to be followed by the majority of American courts, construes the word "eligible" as referring to the capacity of holding office, so that the constitutional requirement is satisfied if the required eligibility exists at the time of the commencement of the term of office. Under this view, lack of eligibility at the time of election is immaterial. Anno. 88 A.L.R. 812; 143 A.L.R. 1026.

■ We are satisfied that, at least where the disqualification involved is of such a nature that its continuation or termination is not within the control of the person seeking office, the better reasoning supports the proposition that where the word "eligible" is used in connection with qualification for office, and there are no explanatory words indicating that such word is used with reference to the time of election, it has reference to the qualification to hold office, rather than the qualification to be elected to office. Here, whether Kothmann desires it or not, the disqualification imposed on him by the constitutional provision in question will necessarily end before the commencement of the term of the office which he seeks. We need not fear the creation of a situation where the voters, at the time they cast their ballots, will not know whether they will be successful in filling the office of district clerk or not. The effectiveness of the election will not depend on any future action of Kothmann, should he be the successful candidate.

■ While the Texas Courts have never passed on this exact question, our conclusion that Kothmann has a right to appear on the ballot as a candidate for nomination to the office of District Clerk finds support in previous decisions of our Supreme Court. Constitutional or statutory provisions which restrict the right to hold public office should be strictly construed against ineligibility. Willis v. Potts, 377 S.W.2d 622 (Tex.1964). In Kirk v. Gordon, 376 S.W.2d 560 (Tex.1964), our Supreme Court, in construing Art. III, § 19, of the State Constitution, which declares that certain officers shall not "be eligible to the Legislature" during the term for which they are elected, said, in holding that a district attorney could not be a candidate for the House of Representatives: "It is the fact that the term of office of district attorney to which he was elected conflicts with the term of office of members of the House of Representatives which controls." Such a statement implies that, had the term of office of district attorney expired before the term of office of members of the House of Representatives commenced, an incumbent district attorney would be "eligible to the Legislature" even

though the election for the legislative post were held before the expiration of his term as district attorney. See also Lee v. Daniels, 377 S.W.2d 618 (Tex.1964).

Our conclusion is further supported by the fact that the framers of the Texas Constitution of 1876, when they intended that the conditions of eligibility must exist as of the date of the election, expressed such intention in clear and plain language. Thus, Art. V, § 2, which provides that no person "shall be eligible to the office of Chief Justice or Associate Justice of the Supreme Court" unless he possesses certain qualifications, explicitly recites that the candidate must possess such qualifications "at the time of his election." See Purcell v. Lindsay, 158 Tex. 541, 314 S.W.2d 383 (1955).

The petition for mandamus is granted, but the writ of mandamus will not be issued by the Clerk of this Court unless respondent, John A. Daniels, refuses to accept relator's application after this judgment becomes final.

In view of the nearness of the deadline for filing applications for places on the ballot at the Democratic Primary Election, any motion for rehearing in this case must be filed not later than January 3, 1966.