

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 13, 1968

Honorable John Connally
Governor of Texas
Capitol Station
Austin, Texas

Opinion No. M- 267

Re: Whether Honorable J. C. Looney
is a member of the Public
Safety Commission where the
Senate failed to confirm or
reject his nomination, as re-
quired by Article 4413(2),
V.C.S.

Dear Governor Connally:

In your request for an opinion you state the following:

"On November 27, 1967, I appointed Mr.
J. C. Looney of Edinburg, Hidalgo County, to
the Public Safety Commission to fill the un-
expired term of Mr. John Peace, who resigned.
The term will expire December 31, 1969. By
message to the Senate of the 60th Legislature,
First Called Session, dated June 5, 1968, I
asked the advice, consent, and confirmation of
the Senate with respect to this appointment.
At the time of its adjournment sine die on July
3, 1968, the Senate had not acted to either
confirm or reject his appointment. I have not
requested Mr. Looney's resignation, nor have I
appointed anyone else to fill the unexpired term.

"Mr. Looney was appointed pursuant to the
following provision of Article 4413(2), Vernon's
Civil Statutes:

'In the event of a vacancy occurring on
said Commission, the Governor shall appoint a
new member of the Commission to fill the said
vacancy for such unexpired term, such appoint-
ment to be subject to the advice and consent
of the Senate of the State of Texas, at the
next session thereof.'

"Under the facts which I have set out,
please give me your opinion as to the following
questions:

- 1300 -

1.   Is Mr. J. C. Looney a member of the Public Safety Commission until his successor is named and has qualified?

2.   Does Mr. J. C. Looney's nomination still pend before the Senate during the Legislature's next session?"

Texas Constitution, Article IV, Section 12, provides as follows:

"All vacancies in State or district offices, except members of the Legislature, shall be filled unless otherwise provided by law, by appointment of the Governor, which appointment, if made during its session, shall be with the advice and consent of two-thirds of the Senate present.  If made during the recess of the Senate, the said appointee, or some other person to fill such vacancy, shall be nominated to the Senate during the first ten days of its session.  If rejected, said office shall immediately become vacant, and the Governor shall, without delay, make further nominations, until a confirmation takes place.  But should there be no confirmation during the session of the Senate, the Governor shall not thereafter appoint any person to fill such vacancy who has been rejected by the Senate; but may appoint some other person to fill the vacancy until the next session of the Senate or until the regular election to said office, should it sooner occur.  Appointments to vacancies in offices elective by the people shall only continue until the first general election thereafter."

Texas Constitution, Article XVI, Section 17, provides that all officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified.

In Attorney General's Opinion Number V-868 (1949), this office held that a recess appointee requiring Senate confirmation, who was appointed to succeed himself and whose name was withdrawn with the consent of the Senate, continued to hold over in office until his successor was duly appointed and qualified.  In passing upon a question very similar to the one under consideration, said Attorney General's Opinion Number V-898 held, in part, at page 9 as follows:

868

"  . . .

"Clearly, then, unless there is an express rejection, Art. IV, Sec. 12, must be construed together with Art. XVI, Sec. 17, as indicated by Conference Opinion 1809. Where, as here, the Senate takes no action on the appointment, the appointee holds over pursuant to Art. XVI, Sec. 17, until he resigns, dies, abandons the office, or until his successor is appointed."

The adjournment of the Senate without confirming the appointment of a successor to an office holding over after the expiration of his term does not create a vacancy which can be filled by the Governor alone. Where the appointment is a recess appointment or one made to fill a vacancy in the office occurring while the Senate is not in session, the appointee is entitled to the office until the Senate acts adversely upon his nomination, 38 Am.Jur.2d 937, Governor, Sec. 7; 42 Am.Jur. 983, Public Officers, Sec. 142; or until the Governor makes a new appointment. Tex. Const., Art. IV, Sec. 12.

In a Missouri case, State ex rel Sikes v. Williams, 222 Mo. 268, 121 S.W. 64, 68 (1909), the Court disposed of this question as follows:

"In the meantime, such appointee, after having otherwise qualified under the act, is entitled to the office until such time as the Senate may pass adversely upon his appointment."

Since the Constitution specifies the circumstances under which the Senate may defeat the Governor's recess appointments, there is an implied prohibition against the Senate's power to add to these circumstances. Walker v. Baker, 145 Tex. 121, 196 S.W.2d 324 (1946). Constitutional or statutory provisions restricting the right to hold public office should be strictly construed against ineligibility. Kothmann v. Daniels, 397 S.W.2d 940 (Tex.Civ.App. 1965, no writ). Your first question is answered in the affirmative.

We answer your second question in the negative for the reason that the matter must be resubmitted by the Governor to the next Senate for action. He may submit the same or some other name within the first ten days of the next legislative session.

## S U M M A R Y

Honorable J. C. Looney is a member of the Public Safety Commission, the Senate failing to confirm or reject his appointment by the Governor

Honorable John Connally, page 4 (M-267)

to fill the vacancy as required by Article 4413(2), Vernon's Civil Statutes.

The nomination no longer pends before the Senate and it is incumbent upon the Governor to submit the same or some other name within the first ten days of the next legislative session.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
John Fainter
Tom Thurmond
Mark White
John Banks

A. J. CARUBBI, JR.
Executive Assistant