Charles R. ROSE, Relator,

v.

Mark WHITE, Secretary of State of the State of Texas, et al., Respondents.

No. 18968.

Court of Civil Appeals of Texas, Dallas.

March 29, 1976.

Alvin Roy Granoff, Dallas, for relator.

Richard S. Geiger, Manuel DeBusk, Ronald A. Dubner, Dallas, for respondents.

## CLAUDE WILLIAMS, Chief Justice.

Charles R. Rose has with our permission filed his petition for writ of mandamus ordering and commanding respondents White, DeBusk and Murdoch to omit the name of respondent Richard Scott Geiger from the official ballot of the Democratic primary as a candidate for the Democratic nomination for state representative, District 33–G, Dallas County, Texas. Our jurisdiction to hear and determine this original proceeding is derived from Tex.Rev.Civ. Stat.Ann. art. 1735a (Vernon Supp.1975).

The sole contention advanced by petitioner Rose is that respondent Geiger will not be twenty-one years of age on the election dates and, therefore, he is not eligible to be a candidate for the office which he seeks. Respondents contend that Geiger will attain the age of twenty-one on the 30th day day of December 1976, and since the 65th Legislature of the State of Texas will convene on the 11th day of January 1977, at which time Geiger, if elected, will take the oath of office as a representative, he is qualified to have his name placed on the ballot. It is undisputed that respondent Geiger possesses all of the other essential qualifications to be a candidate for the office of legislator. It is also without dispute that pursuant to the terms of Tex.Rev.Civ.Stat.Ann. art. 5422, the next session of the legislature, will convene on January 11, 1977.

The Tex.Const. art. III, § 7, entitled "Qualifications of Representatives" states:

No person shall be a Representative, unless he be a citizen of the United States, and, at the time of his election, a qualified elector of this State, and shall have been a resident of this State two years next preceding his election, the last year thereof a resident of the district for which he shall be chosen, and shall have attained the age of twenty-one years.

On November 8, 1966, article III, § 4 of the Constitution of Texas entitled: "*Election and term of members of House of Representatives,*" was amended to read:

The Members of the House of Representatives shall be chosen by the qualified electors for a term of two years. Representatives shall take office following their election, on the day set by law for the convening of the Regular Session of the Legislature, and shall serve thereafter for the full term of years to which elected and until their successors shall have been elected and qualified.

Article III, § 4 of the Constitution, prior to 1966, provided that the term of office commence on the day of election.

■ The question presented is whether the word "eligible" as used in the constitution, refers to the time of a person's election to office, or to the time when he assumes the duties of the office. We have concluded, and so hold, that the word "eligible" is used in connection with qualification for office and does not apply to the actual time of election.

The identical question was presented in *Kothmann v. Daniels*, 397 S.W.2d 940 (Tex. Civ.App.—San Antonio 1965, no writ). As the court there pointed out American courts are in disagreement as to the time when conditions of eligibility must exist in order to satisfy constitutional requirements. As stated therein, one line of authority, construing the word "eligible" to mean "capable of being chosen," adopts the view that the required eligibility must exist at the time of election. In adopting the opposite view, the court said:

The opposing view, which appears to be followed by the majority of American courts, *construes the word 'eligible' as referring to the capacity of holding office, so that the constitutional requirement is satisfied if the required eligibility exists at the time of commencement of the term of office.* Under this view, *lack of eligibility at the time of election is immaterial.* Annot. 88 A.L.R. 812; 143 A.L.R. 1026.

We are satisfied that, at least where the disqualification involved is of such a

nature that its continuation or termination is not within the control of the person seeking office, the better reasoning supports the proposition that where the word 'eligible' is used in connection with qualification for office, and there are no explanatory words indicating that such word is used with reference to the time of election, it has reference to the qualification to hold office, rather than the qualification to be elected to office. [Emphasis added.]

The *Kothmann* court noted that constitutional or statutory provisions which restrict the right to hold public office should be strictly construed against ineligibility, citing *Willis v. Potts*, 377 S.W.2d 622 (Tex. 1964); *Kirk v. Gordon*, 376 S.W.2d 560 (Tex. 1964); and *Lee v. Daniels*, 377 S.W.2d 618 (Tex.1964).

We agree with these authorities and hold that respondent Geiger is entitled to have his name placed upon the ballot since he will be eligible to assume the office sought by him in January 1977.

The writ of mandamus is denied.

Motion for rehearing will not be allowed.

GUITTARD, J., not sitting.