**Keith D. LEMONS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 8993.**

Court of Civil Appeals of Texas, Amarillo.

Sept. 21, 1978.

Rehearing Denied Sept. 21, 1978.

Keith D. Lemons, Dimmitt, Ochsner & Baughman, Frank J. Baughman, Amarillo, for appellant.

Jimmy F. Davis, Dimmitt, for appellee.

ROBINSON, Chief Justice.

The trial court held that Keith D. Lemons, who was not a duly licensed attorney at the time of the filing deadline for the primary election, was not a qualified candidate for the office of County Attorney and enjoined the Democratic County Chairman and County Executive Committee from certifying his name as the party nominee. Lemons appeals. Affirmed.

This suit was brought by Jimmy F. Davis, County Attorney for Castro County, for the State of Texas, seeking a declaration that Keith D. Lemons was an ineligible candidate in the May 6, 1978, Democratic Primary and praying that Oscar Wylie, Castro County Democratic Chairman, and the Democratic Executive Committee be permanently enjoined from certifying the name of Lemons as the nominee of the Democratic Party for election to the office of County Attorney. An amended petition shows the suit to be brought by the County Attorney for the State of Texas on relation of James Welch, a resident and voter of Castro County.

The cause was heard on May 4, 1978. At the time of the hearing, Lemons was the only candidate for the Democratic nomination for the office of County Attorney of Castro County. He testified that he had taken the Bar examination, but had not

received the examination results and was not yet licensed to practice law. At the conclusion of the hearing the trial judge announced that he would grant a temporary injunction which would be made permanent unless Lemons could show at a hearing at 10 a. m. on Tuesday, May 9, 1978, that he had become a duly licensed attorney. May 9, 1978, was the date for canvass of the election return by the County Executive Committee under Tex.Elec. Code Ann. art. 13.24. No hearing was held on May 9, 1978. It is undisputed that Lemons did not become a duly licensed attorney until May 15, 1978.

On May 18, 1978, the trial judge signed a judgment declaring that Lemons was ineligible under the provisions of Tex.Elec.Code Ann. art. 1.05 and Tex.Rev.Civ.Stat.Ann. art. 332 to be a candidate for Castro County Attorney in the May 6, 1978, primary election and permanently enjoining Wylie and the Castro County Democratic Executive Committee from certifying the name of Keith D. Lemons as the party nominee. Lemons appeals contending, among other things, that he has met the statutory requirements by becoming eligible to hold the office before the commencement of the term sought.

■ Tex.Rev.Civ.Stat.Ann. art. 332 provides that "no person who is not a duly licensed attorney at law shall be eligible to the office of district or county attorney."

Tex.Elec.Code Ann. art. 1.05, subdivision 1 provides that no person shall be eligible *to be a candidate* for any public office in this state unless he is eligible to hold such office under the Constitution and laws of this state. Subdivision 4 provides that "no ineligible candidate shall ever be voted upon nor have votes counted for him at any such primary, general or special election for the purpose of nominating or electing him, but votes cast for an ineligible candidate shall be taken into account in determining whether any other candidate received the necessary vote for nomination or election."

It is undisputed that Lemons was not eligible to hold the office of County Attorney at the time of the filing deadline, the time of the primary election, or the time for the canvassing of the election returns. Further, he was unable to show at those times that he would be eligible to hold the office at the commencement of the term sought. In contending that he was, nevertheless, an eligible candidate, Lemons cites *Rose v. White*, 536 S.W.2d 395 (Tex.Civ. App.—Dallas 1976, no writ) and *Kothmann v. Daniels*, 397 S.W.2d 940 (Tex.Civ.App.— San Antonio 1965, no writ).

In our opinion, neither *Rose* nor *Kothmann* controls the case before us. Each case dealt with the construction of constitutional provisions relating to eligibility to public office. In both cases the disqualification urged would cease to exist before the time for the assumption of duties for the office sought by the mere passage of time and regardless of the actions of the candidate or any other person. The court in *Kothmann* commented on the type of disqualification before it, stating:

> Here, whether Kothmann desires it or not, the disqualification imposed on him by the constitutional provision in question will necessarily end before the commencement of the term of the office he seeks. We need not fear the creation of a situation where the voters, at the time they cast their ballots, will not know whether they will be successful in filling the office of district clerk or not. The effectiveness of the election will not depend on any future action of Kothmann, should he be the successful candidate.

We conclude that under Election Code art. 1.05 Lemons was not eligible to be a candidate in the May 6, 1978, primary election because he was not able to show by the filing deadline that he would be eligible to hold the office sought at the commencement of its term.

■ Lemons next contends that the trial court erred in not having a hearing before signing the judgment granting a permanent injunction on May 18, 1978, and in overruling defendant's motion for new trial without a hearing because there was "newly discovered evidence" that Lemons had be-

come a duly licensed attorney on May 15, 1978. Any error in failing to hear such evidence could not have resulted in the rendition of an improper judgment in view of our holding that Lemons was required to show that he would be able to qualify to hold the office which he sought before the filing deadline. Accordingly, those points of error are overruled. Tex.R.Civ.P. 434.

### Res Judicata

Lemons also contends that the State is barred from claiming that he is an ineligible candidate on principles of res judicata and collateral estoppel. Lemons relies on an earlier suit and judgment related to the same primary election. Both Lemons and Jimmy F. Davis had filed an application to have their names placed on the ballot as candidates for nomination for the office of County Attorney. At the time Davis was the County Attorney of Castro County. Lemons successfully sued to enjoin the County Chairman from certifying Davis as a candidate in the primary election. Davis intervened as a defendant in his own behalf, but declined to prosecute a suit to keep himself off the ballot. The trial judge joined Davis as an involuntary plaintiff, but found that it had no authority to order him to file suit in the matter. In that case Davis was found to be ineligible to be a candidate because he had not been a resident of Castro County six months before the filing deadline. The parties, pleadings and facts of that case are set out in the opinion of this court in Lemons v. Wylie (v. Davis), 563 S.W.2d 882 (Tex.Civ.App.— Amarillo 1978, writ dism'd w. o. j.). This court held that Lemons, as a candidate, had an interest in not being opposed by an ineligible candidate, separate and apart from that of the general public, and that, as a candidate, he could maintain the suit to enjoin the placing of an ineligible candidate on the ballot. Lemons contends that his own ineligibility could have been pleaded and proved as a defense to his right to maintain the action to enjoin the certification of Davis and that the judgment in that cause is res judicata of the issue.

The doctrine of res judicata applies only when the following elements exist: identity of parties, issues, subject matter, relief sought and cause of action. Oak Lawn Preservation Society v. Board of Managers of Dallas County Hospital District, 539 S.W.2d 167, 169 (Tex.Civ.App.— Dallas 1976, no writ). A party cannot relitigate matters which he might have interposed, but failed to interpose, in an action between the same parties or their privies in reference to the same subject matter. Abbott Laboratories v. Gravis, 470 S.W.2d 639 (Tex.1971). The term "subject matter" refers to the claim or controversy at issue in the earlier suit and not to the transaction out of which it arose. As a general rule a judgment on the merits in one cause of action is not conclusive of a subsequent suit on a different cause of action except to issues of fact actually litigated and determined in the first suit. Griffin v. Holiday Inns of America, 496 S.W.2d 535 (Tex.1973).

The rule of collateral estoppel, or as sometimes phrased, estoppel by judgment, bars relitigation in a subsequent action upon a different cause of action of fact issues actually litigated and essential to a prior judgment. Benson v. Wanda Petroleum Co., 468 S.W.2d 361, 362 (Tex.1971). The plea of collateral estoppel, unlike broader ones of merger and bar, does not apply to what might have been litigated and determined. Hardy v. Fleming, 553 S.W.2d 790 (Tex.Civ.App.—El Paso 1977, writ ref'd n. r. e.). Collateral estoppel requires the identity of parties and issues, while identity of subject matter and causes of action have been held not to be essential. 34 Tex.Jur.2d Judgments § 521 (1962).

Lemons' suit to enjoin certification of Davis as a candidate in the Democratic primary election and the suit of the State of Texas, brought by Davis as County Attorney, to enjoin certification of Lemons as the party nominee are separate and distinct causes of action arising out of separate claims. The issue of Lemons' eligibility as a candidate was not litigated in the earlier

suit. We conclude that the doctrines of res judicata and collateral estoppel do not bar the cause of action before us.

Each of appellant Lemons' points of error is overruled. The judgment of the trial court is affirmed.

On account of the emergency caused by the near approach of deadlines for the preparation of ballots for the general election, the parties will be denied the right to file a motion for rehearing. *See Mills v. Bartlett,* 375 S.W.2d 940 (Tex.Civ.App.—Tyler 1964), *aff'd,* 377 S.W. 2d 636 (Tex.1964).