

# The Attorney General of Texas

March 12, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable H. Tati Santiesteban
Chairman, Natural Resources
  Committee
Senate of the State of Texas
Austin, Texas 78711

Opinion No. MW-303

Re: Status of recess appointees of Governor who are not confirmed by Senate in subsequent session of the legislature

Dear Senator Santiesteban:

Your opinion request sets out the following set of circumstances: The Governor has made a recess appointment requiring the Senate's confirmation, has duly submitted the nomination to the Senate at the next session of the legislature, and the Senate fails to finally act on the appointment prior to its adjournment.

You ask whether: (1) Under these circumstances, a vacancy was created by the Senate's failure to act on the appointment prior to its adjournment? (2) If so, what steps are required for a successor to qualify for the office? (3) Is there a procedure by which the Senate can postpone consideration of a nominee for additional hearings without having that nominee replaced by another gubernatorial nominee?

The substance of your first two questions was dealt with in Attorney General Opinion M-267 (1968), when the Senate of the 60th Legislature failed to act on a duly submitted appointment of a member to the Public Safety Commission. That opinion concluded that under article IV, section 12, and article XVI, section 17 of the Texas Constitution, "[w]here the appointment is a recess appointment or one made to fill a vacancy in the office occurring while the Senate is not in session, the appointee is entitled to the office until the Senate acts adversely upon his nomination . . . or until the Governor makes a new appointment." Id. at 3.

Article IV, section 12 provides:

> All vacancies in State or district offices, except members of the Legislature, shall be filled unless otherwise provided by law, by appointment of the Governor, which appointment, if made during its session, shall be with the advice and consent of two-thirds of the Senate present. If made during the

> recess of the Senate, the said appointee, <u>or some other person to fill such vacancy,</u> shall be nominated to the Senate during the first ten days of its session.  <u>If rejected, said office shall immediately become vacant,</u> and the Governor shall, <u>without delay,</u> make further nominations, until a confirmation takes place.  But <u>should there be no confirmation during the session</u> of the Senate, the <u>Governor shall not</u> thereafter <u>appoint any person</u> to fill such vacancy <u>who has been rejected</u> by the Senate; but <u>may appoint some other person to fill the vacancy</u> until the next session of the Senate or until the regular election to said office, should it sooner occur.  Appointments to vacancies in offices elective by the people shall only continue until the first general election thereafter.  (Emphasis added).

Article XVI, section 17 provides:

> All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified.

Read together, these provisions lead to the conclusion that failure to act on the part of the Senate constitutes neither confirmation nor rejection, that the Governor must submit that appointee's name, or some other person's name, to the Senate at its next session, and that the appointee whose name was previously submitted shall continue to serve as a holdover until a successor is appointed by the Governor or, if no other person is appointed, until the appointee is rejected by the Senate.

Under article IV, section 12, a vacancy is created in the office only if the Senate takes the affirmative action of rejecting the appointee.  Constitutional or statutory provisions restricting the right to hold public office should be strictly construed against ineligibility.  <u>Kothmann v. Daniels</u>, 397 S.W.2d 940 (Tex. Civ. App. - San Antonio 1965, no writ); Attorney General Opinions M-267 (1968); V-868 (1949).

In a case where another person is appointed by the Governor while the Senate is in recess, that person, if otherwise qualified, will succeed to the office upon taking the constitutional oath.  Attorney General Opinion O-3183 (1941).

In a case where the Senate has adjourned without taking either affirmative or negative action on a recess appointment properly submitted for its consideration, the Governor is left with the prerogative to allow that person to continue to serve during the recess period or to appoint another qualified person to the office.  In either case, the name of the person whom the Governor wishes to fill the office for the specified term must be properly submitted to the Senate during its next session.

We find no authority in the Constitution or statutes which would permit the Senate to postpone consideration of a nominee for additional hearings without having that nominee subjected to possible replacement by another gubernatorial nominee.  See <u>Walker v. Baker</u>, 196 S.W.2d 324, 328 (Tex. 1946).  ("In other words, since the Constitution

specifies the circumstances under which the Senate may defeat the Governor's appointments, there is an implied prohibition against its power to add to those circumstances.")

## SUMMARY

The Senate's failure to act on a recess appointment of the Governor prior to adjournment does not create a vacancy in the office, but the occupant continues to perform the duties of the office under article XVI, section 17 of the Texas Constitution until he is confirmed or rejected by the Senate at its next session or until a successor is appointed by the Governor and qualifies by taking the constitutional oath of office. There is no procedure by which the Senate can postpone consideration of a nominee beyond its session which would preclude that nominee being replaced by another gubernatorial appointee.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bob Gammage
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
David B. Brooks
Bob Gammage
Rick Gilpin
C. Robert Heath