

# The Attorney General of Texas

December 22, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. W. T. Satterwhite, Chairman
Texas Board of Land Surveying
1106 Clayton Lane, Suite 210W
Austin, Texas    78723

Opinion No. MW-541

Re:    Whether county surveyor
must be licensed under the
Land Surveyor's Practices Act
of 1979

Dear Mr. Satterwhite:

You have asked two questions concerning the application of the Land Surveying Practices Act of 1979, article 5282c, V.T.C.S.:

> 1. Can a county surveyor engage in the practice of surveying as defined in the Land Surveying Practices Act of 1979 without being a registered surveyor pursuant to the requirements of the act?
>
> 2. Is a person required to be a registered surveyor under the Land Surveying Practices Act of 1979 in order to become a candidate for the office of county surveyor?

As yet there are no appellate court cases interpreting the new enactment which consolidated the State Board of Registration for Public Surveyors and the Board of Examiners of Licensed State Land Surveyors into the Texas Board of Land Surveying. However, the answer to your first question is provided in a straightforward manner by section 4, subsections (1) and (2) of the new statute.

Section 3 of the act makes it unlawful "for any person to practice or offer to practice land surveying" in the state unless the individual is duly registered, licensed, or exempted under the act. But subsections (1) and (2) of section 4 read:

> Sec. 4  The provisions of this Act do not apply to any of the following:
>
> (1) a county surveyor acting in an official capacity as authorized by law in counties under 25,000 population, but only until the expiration of the term of persons currently holding such office;

> (2) an officer of a state, county (except as provided by Subsection (1) of this section when applicable), city, or other political subdivision whose official duties include land surveying <u>when acting in his official capacity, but only until the expiration of the term of persons currently holding such office</u>.... (Emphasis added).

It is apparent from this language that a county surveyor cannot engage in the <u>private</u> practice of land surveying without being either a registered surveyor or a licensed state land surveyor under the act, even though the unexpired term of the county surveyor's office may have commenced prior to the effective date of the act. It is equally clear that a county surveyor who is neither licensed nor registered and whose unexpired term commenced prior to the effective date of the act may continue to discharge his <u>official duties</u> until his term expires.

The Land Surveying Practices Act of 1979 purports to both regulate the private practice of land surveying and establish qualifications for the public office of county land surveyor. The obvious intent of the legislation is to require that county surveyors be licensed or registered under the act in order to hold office, exempting during the unexpired portion of their terms only those holding office at the time the act took effect. <u>Cf.</u> Attorney General Opinion O-3940 (1941).

Statutes respecting the office of county surveyor, generally, are now found in the Natural Resources Code, chapter 23. The place of a county surveyor's residence and office location are specified, but licensure requirements are not. Article XVI, section 44 of the Texas Constitution, which establishes the office, does not itself specify any qualifications for it.

Statutory restrictions on the right to hold public office are strictly construed, <u>Willis v. Potts</u>, 377 S.W.2d 622 (Tex. 1964), and it was held in <u>Burroughs v. Lyles</u>, 181 S.W.2d 570 (Tex. 1944), that where the constitution prescribes qualifications for an office, it is beyond the legislative power to change or add to those qualifications, unless the constitution gives that power. Where the constitution does not itself prescribe any qualifications for an office it creates, however, more recent cases suggest the legislature may prescribe qualifications for it. <u>See</u> <u>Phagan v. State</u>, 510 S.W.2d 655 (Tex. Civ. App. - Fort Worth 1974, writ ref'd n.r.e.); <u>Green v. County Attorney of Anderson County</u>, 592 S.W.2d 69 (Tex. Civ. App. - Tyler 1979, no writ).

Both the <u>Green</u> and <u>Phagan</u> cases involved licenses to practice law. Green and Phagan were district attorneys. Both were disbarred while still in office. Article V, section 21 of the constitution creates the office of district attorney but specifies no

qualifications for holding it. However, article 332, V.T.C.S., provides that only duly licensed attorneys are eligible to the office. Both the Phagan and Green courts held that loss of their licenses made the men ineligible for the office, ipso facto.

The constitutional issue was not expressly addressed in either case, but the action of the supreme court in refusing a writ of error in the Phagan case with a "no reversible error" notation leads us to conclude that the legislature may validly require, as a qualification for office, that county surveyors be either licensed or registered pursuant to article 5282c, V.T.C.S.

In Kothmann v. Daniels, 397 S.W.2d 940 (Tex. Civ. App. - San Antonio 1965, no writ), the court concluded that in the absence of specification, "eligibility" requirements for public office refer to the time a person assumes office rather than to the time of his election, where the disqualification is of such a nature that its continuation or termination is not within the control of the person seeking office. See also Rose v. White, 536 S.W.2d 395 (Tex. Civ. App. - Dallas 1976, no writ). Cf. Mills v. Bartlett, 377 S.W.2d 636 (Tex. 1964) (residence requirement). Whether a disqualification is of "such a nature" is often a question of fact, which this office cannot resolve in its opinion process.

We therefore advise you that a county surveyor may not engage in the private practice of land surveying without being registered or licensed pursuant to the Land Surveying Practices Act of 1979, nor is a person eligible to election as county surveyor unless at the time he takes office he is registered or licensed pursuant to the act. Cf. V.T.C.S. art. 5282c, §25(b).

### S U M M A R Y

A county surveyor may not engage in the private practice of land surveying without being registered or licensed pursuant to the Land Surveying Practices Act of 1979, nor is a person eligible to election as county surveyor unless at the time he takes office he is registered or licensed pursuant to the act.

Very truly yours,

M A R K    W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Patricia Hinojosa
Margaret McGloin
Jim Moellinger
Bruce Youngblood