

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

February 7, 1992

Honorable John W. Segrest
Criminal District Attorney
McLennan County
302 Courthouse Annex
Waco, Texas 76701

Opinion No. DM-89

Re: Whether a candidate is eligible to the office of alderman in a type B general law city if the candidate meets the requirements of section 23.024(a) of the Local Government Code, but not the requirements of section 141.001(a)(4) of the Election Code (RQ-119)

Dear Mr. Segrest:

You seek a construction of section 141.001 of the Election Code and section 23.024 of the Local Government Code. Specifically, you ask whether a candidate is eligible to the office of alderman in a type B general law city if the candidate meets the requirements of section 23.024(a) of the Local Government Code, but not the requirement of section 141.001(a)(4) of the Election Code.

Section 141.001 of the Texas Election Code provides, in part:

> (a) To be eligible to be a candidate for, or elected or appointed to, a public elective office in this state, a person must:
>
> . . . .
>
> > (4) have not been finally convicted of a felony from which the person has not been pardoned or otherwise released[1] from the resulting disabilities; [and]

---

[1] A person may be released from the disabilities resulting from a felony conviction pursuant to the provisions of article 42.12, section 23, of the Code of Criminal Procedure. Such a release from disabilities is within the discretion of the court. Accordingly, as pointed out in the district attorney's brief accompanying the request for this opinion, a candidate subject to section 141.001(a)(4) must meet

. . . .

> (6) satisfy any other eligibility requirements
> prescribed by law for the office.

> (b)  A statute outside this code supersedes Subsection (a) to
> the extent of any conflict.

> (c)  Subsection (a) does not apply to an office for which the
> federal or state constitution or a statute outside this code
> prescribes exclusive eligibility requirements.  (Footnote added.)

Section 23.024(a) of the Local Government Code provides:

> To be eligible for the office of mayor, alderman, or marshall
> of the municipality, a person must be a qualified voter in the
> municipality and must have resided within the municipal limits
> for at least the six months preceding election day.

On the plain language of section 141.001 of the Election Code, a candidate must meet its requirements unless the requirements "conflict" with a statute outside the Election Code or unless other constitutional or statutory law is "exclusive" as to the requirements for a particular office.  We conclude that section 23.024 of the Local Government Code does not exclusively govern eligibility to elective office in a type B general law city and does not conflict with section 141.001(a)(4) of the Election Code.[2]

Section 23.024(a) does not expressly or implicitly indicate that it is intended to exclusively govern the qualifications of candidates in type B general law cities. Section 141.001(a)(6) makes clear that the legislature anticipated that statutes outside the Election Code could prescribe additional requirements for candidates.

---

(footnote continued)

that requirement by the filing deadline in order to be a candidate.  *Lemons v. State*, 570 S.W.2d 593 (Tex. Civ. App.--Amarillo 1978, writ ref'd n.r.e.).

[2]We note that there are other differences between section 23.024(a) and section 141.001(a)(5). We do not address those differences in this opinion.

Accordingly, where two statutes prescribing candidate qualifications may be read as cumulative of each other, we think that a legislative intent that one statute apply exclusively, within the meaning of section 141.001(c), must be express or clearly implied.[3]

Section 23.024(a) is a non-substantive recodification of former article 1141, V.T.C.S. *See* Acts 1987, 70th Leg., ch. 149, § 1. Article 1141, in turn, incorporated certain requirements from former article 1137, V.T.C.S., which prescribed qualifications for municipal voters, in part, by reference to the general laws of the state. At the time the source law for section 23.024 was enacted, all felons were permanently disfranchised in Texas and would have been, therefore, barred from candidacy under the source law.[4] We find no implication that section 23.024 represents a legislative intent to carve out an exception to the general rule excluding felons from public office.

In *Brown v. Patterson*, 609 S.W.2d 287 (Tex. Civ. App.--Dallas 1980, no writ), the court considered whether a conflict existed between the Election Code's general six-month residence requirement for candidates and a specific statute governing the election of school trustees which, while requiring residence within the district, had no durational requirement.[5] Citing well-established rules of statutory construction that require statutes to be harmonized where there is no positive repugnance between the two, or where the statutes deal with the same subject matter, the court

---

[3]In a brief submitted in regard to this question the secretary of state advises that it is the position of that office that "for a statute to be held as establishing exclusive eligibility requirements, it must expressly so state." We note that section 31.004 of the Election Code provides:

> (a) The secretary of state shall assist and advise all election authorities with regard to the application, operation, and interpretation of this code and of the election laws outside this code.

> (b) The secretary shall maintain an informational service for answering inquiries of election authorities relating to the administration of the election laws or the performance of their duties.

[4]The provision of the Election Code of 1951 disfranchising felons, article 1.05, was liberalized in 1983. Acts 1983, 68th Leg., ch. 792. Former article 1.05 is the source law for current section 141.001 of the Election Code of 1985.

[5]The general provision considered in *Brown* was former article 1.05 of the Election Code of 1951, the predecessor to current section 141.001 of the Election Code of 1985.

found that the general and specific requirements were cumulative of each other. We think this reasoning is appropriate here as well. The requirements of section 23.024(a) of the Local Government Code are not in conflict with the requirement of section 141.001(a)(4) of the Election Code. Rather, in this respect, section 141.001(a)(4) merely prescribes an additional requirement. We further note that a candidate for office in a type B general law city must state on his application for a place on the ballot that he has not been finally convicted of a felony from which he has not been pardoned or otherwise released from the resulting disabilities. Elec. Code §§ 143.004, 141.031(4)(G). A candidate who does not meet the requirement of section 141.001(a)(4) is not eligible to an elective office in a type B general law city.

## SUMMARY

Section 23.024 of the Local Government Code does not exclusively govern eligibility to elective office in a type B general law city and does not conflict with section 141.001(a)(4) of the Election Code. A candidate who does not meet the requirements of section 141.001(a)(4) is not eligible to an elective office in a type B general law city.

Very truly yours,

DAN MORALES
Attorney General of Texas

**WILL PRYOR**
First Assistant Attorney General

**MARY KELLER**
Deputy Assistant Attorney General

**JUDGE ZOLLIE STEAKLEY (Ret.)**
Special Assistant Attorney General

**RENEA HICKS**
Special Assistant Attorney General

**MADELEINE B. JOHNSON**
Chair, Opinion Committee

Prepared by John Steiner
Assistant Attorney General