

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

April 29, 2015

The Honorable Bob Wortham
Jefferson County Criminal District Attorney
Jefferson County Courthouse
1085 Pearl Street, 3rd Floor
Beaumont, Texas 77701

Opinion No.  KP-0014

Re:  Whether a school board trustee, whose powers have been suspended by the Texas Education Commissioner under chapter 39 of the Education Code, may run and serve as a city council member for a city located within the school district's boundaries (RQ-0007-KP)

Dear Mr. Wortham:

You ask whether a current elected school board trustee whose powers have been suspended due to the installation of a board of managers under chapter 39 of the Education Code may run for or serve in a city council position for a city located within the boundaries of the school district.[1] You inform us that in 2014 the Texas Education Commissioner installed a seven-member board of managers over the Beaumont Independent School District. Request Letter at 1; *see* TEX. EDUC. CODE ANN. § 39.102(a)(9) (West 2012) (authorizing the Texas Education Commissioner to appoint a board of managers). Such an appointment suspends the powers of the elected board of trustees and grants to the board of managers "all of the powers and duties assigned to a board of trustees of a school district by law, rule or regulation." TEX. EDUC. CODE ANN. § 39.112(a)–(b) (West 2012). In the event the Texas Education Commissioner dissolves or terminates the appointment of the board of managers, the suspended board of trustees would resume their positions. *See id.* § 39.112(b) (suspending the board of trustee's powers "for the period of the appointment").

You state that in early 2015, the suspended president of the trustees ("board president") filed to run for a position on the Beaumont City Council in the May 2015 election. *See* Request Letter at 1. You acknowledge that the positions of school district trustee and city council member are incompatible and may not be held simultaneously by the same person. *See id.* at 2; *see also* Tex. Att'y Gen. Op. No. JM-634 (1987) at 3 (concluding that the offices of school board trustee and city council member of a town located in boundaries of the school district are incompatible). You note that the board of managers does not intend to call an election until 2017, and you do not believe it likely that they would appoint any replacement trustee. *See* Request Letter at 2 n.4, 3.

---

[1]*See* Letter from Honorable Bob Wortham, Jefferson Cnty. Crim. Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Jan. 29, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

Citing the constitutional holdover provision in article XVI, section 17, you suggest that the board president is unable to voluntarily resign because she would be required to holdover beyond the May 2015 election due to the lack of any appointed or elected successor. *Id.* at 2–3 ("It would appear that [she] finds herself in the rather unique position of being unable to voluntarily resign until her successor is either appointed or elected."). You therefore question the legality of the board president being a candidate for and serving as a city council member. *See id.* at 3.

We begin our analysis of your question with article XVI, section 17, of the Texas Constitution, which provides that "[a]ll officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." TEX. CONST. art. XVI, § 17. It is a mandatory provision, the purpose of which is "to prevent public convenience from suffering because of a vacancy in the office." *Willmann v. City of San Antonio*, 123 S.W.3d 469, 481 (Tex. App.—San Antonio 2003, pet. denied) (quotation marks omitted); *see also* Tex. Att'y Gen. Op. No. M-659 (1970) at 2–3 (noting that resignation of an officer is not deemed fully effective until the appointment and qualification of his or her successor). Under article XVI, section 17, a resigning officer typically holds over until his successor qualifies for office and possesses all the authority to act in his official capacity. *See* Tex. Att'y Gen. Op. No. GA-0550 (2007) at 4.

Yet, despite the mandatory nature of the holdover provision, Texas courts have consistently determined that the holdover provision does not apply in some circumstances to force an officer's continued service. In *State ex rel. Peden v. Valentine*, which involved the holding of two incompatible offices, the court of appeals acknowledged that "the acceptance of, and qualification for, the second [incompatible] office creates a vacancy in the first." *State ex rel. Peden v. Valentine*, 198 S.W. 1006, 1007 (Tex. Civ. App.—Fort Worth 1917, writ ref'd); *see also Biencourt v. Parker*, 27 Tex. 558, 562 (1864) (determining that being appointed to and accepting a new office incompatible with the original one causes an absolute termination of the original office, and "leaves no shadow of title to the possessor"). The incompatibility of the two offices in *Peden* resulted from the constitutional prohibition against one person holding two offices of emolument. *See Peden*, 198 S.W. at 1007. As between the prohibition against holding two offices and the requirement that an officer hold over in a position until his or her successor is qualified, the *Peden* court determined that "when the Constitution forbids the holding of both offices, it must be held that [article XVI, section 17], requiring continued performance of official duty, is without application." *Id.* The Texas Supreme Court subsequently reached the same conclusion in a case involving the same two constitutional provisions. *See Pruitt v. Glen Rose Indep. Sch. Dist.*, 84 S.W.2d 1004 (Tex. 1935). The court in *Pruitt* recognized that when an officer accepts and qualifies for a second office, the officer vacates the first office as a matter of law and "[i]n such circumstances the constitutional provision that all officers shall continue to perform the duties of their offices until a successor has been qualified does not apply." *Id.* at 1007 (quotation marks omitted).

Immediate vacation of office without holding over also occurs when the incompatibility of office derives not from the constitution but from the common law. *See Thomas v. Abernathy Cnty. Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927) (judgm't adopted) (determining that offices of school trustee and city alderman are incompatible and that an officer vacated the office of school trustee immediately upon qualifying for the office of alderman). This office has noted on several occasions that "an officer . . . may divest himself of an office before

his successor has qualified by himself qualifying for and entering upon the duties of another office which he cannot lawfully hold at the same time." Tex. Att'y Gen. Op. Nos. JM-589 (1986) at 2, M-627 (1970) at 4; *see also* GA-0015 (2003) at 5 ("The first office is vacant by operation of law as of the moment the officeholder qualifies for the second office."). Thus, in the event the board president wins the city council position, the moment she qualifies for that position, she vacates her trustee position and does not holdover despite article XVI, section 17. And in this instance, such a result does not impinge upon the purpose of the holdover provision because the board of managers, not the board of trustees, is in control of the operations of the school board.[2]

Moreover, the incompatibility of the two offices does not preclude the board president from running for city council. Texas courts have consistently said that eligibility in connection with qualifications for office refers to the "qualification to hold office, rather than the qualification to be elected to office." *Rose v. White*, 536 S.W.2d 395, 397 (Tex. Civ. App.—Dallas 1976, orig. proceeding). In other words, where any disqualification is of such a nature that its continuation or termination is not within the control of the person seeking the office, a person must be qualified to hold office at "the time when he assumes the duties of the office." *Kothmann v. Daniels*, 397 S.W.2d 940, 942 (Tex. Civ. App.—San Antonio 1965, orig. proceeding). Here, in the event the board president wins her city council election, she vacates her first office of trustee immediately upon qualifying for the office of city council by operation of law such that the termination of the disqualification is not within her control. Thus, she is qualified at the time that she assumes the duties of office. Under *Rose* and *Kothmann*, the incompatibility of the two offices does not make her ineligible to run for city council.

For these reasons, a school board trustee whose powers have been suspended by the Texas Education Commissioner under chapter 39 of the Education Code may run for and serve as a city council member for a city located within the school district's boundaries.

---

[2]Though you indicate that the board of managers does not intend to appoint a replacement, the Education Code gives it full authority to do so. *See* TEX. EDUC. CODE ANN. §§ 39.112(a) (West 2012) (providing that a board of managers may exercise all of the powers and duties assigned to a board of trustees by law, rule, or regulation), 11.060(a) (authorizing a board of trustees of an independent school district to fill a vacancy on the board by appointment until the next election).

## S U M M A R Y

A school board trustee whose powers have been suspended by the Texas Education Commissioner under chapter 39 of the Education Code may run for and serve as a city council member for a city located within the school district's boundaries.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee